[Cite as *State v. Hussein*, 2017-Ohio-5519.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 15AP-1093 |
| v. | : | (C.P.C. No. 13CR-6470) |
| Adam A. Hussein, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

---

D E C I S I O N

Rendered on June 27, 2017

---

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Michael P. Walton*, for appellee. **Argued:** *Michael P. Walton.*

**On brief:** *Scott & Nolder Co., LPA*, and *Joseph E. Scott*, for appellant. **Argued:** *Joseph E. Scott.*

---

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Defendant-appellant, Adam A. Hussein, appeals from a judgment of conviction entered by the Franklin County Court of Common Pleas. For the following reasons, we affirm that judgment.

I. **Factual and Procedural Background**

{¶ 2} On December 10, 2013, a Franklin County Grand Jury indicted appellant with four counts of rape in violation of R.C. 2907.02 and one count of gross sexual imposition in violation of R.C. 2907.05. The victim of these offenses was Y.C., the then

eight-year old daughter of J.R., appellant's ex-girlfriend. Appellant entered a not guilty plea and proceeded to a jury trial.

{¶ 3} At some point during 2011 and 2012, appellant and J.R. were involved in a relationship. For a short time during that relationship, appellant lived with J.R. and her three youngest children, including Y.C. After the two ended their relationship, they continued to be friends and appellant continued to come around and do things with J.R.'s children. During that time, appellant took Y.C. out a few times for food or to shop and spent time alone with her. J.R. had no concerns with this until appellant started acting strange and began threatening her in text messages, saying that he wanted to keep seeing Y.C. At that point, J.R. stopped letting Y.C. meet appellant. Y.C. also told her mom that she did not want to go anywhere with him. Appellant continued to send J.R. text messages, a number of which were still threatening and others that talked about sexual things that he had done with Y.C. When J.R. asked Y.C about the texts, Y.C. said that the conduct described in the texts had occurred. J.R. immediately called the police and took Y.C. to Nationwide Children's Hospital, where she was interviewed by social workers of the hospital's Child Advocacy Center. That interview was recorded and played to the jury. In it, Y.C. stated that appellant had sexually abused her multiple times. Y.C. also testified at trial that appellant had sexually abused her a number of times.

{¶ 4} Appellant denied sexually abusing Y.C. He also testified that he meant to send the texts he sent to J.R. to another person and that they did not relate to Y.C. He explained that he had a serious drinking problem and had been drinking a lot during the summer of 2012, which caused him to send the texts to the wrong person.

{¶ 5} The jury found appellant guilty of all the counts and the trial court sentenced him accordingly.

**II. The Appeal**

{¶ 6} Appellant appeals and assigns the following errors:

[1.] Defendant-appellant was denied a fair trial due to the trial court's prejudicial rulings regarding objections.

[2.] Defendant-appellant was denied a fair trial due to the numerous instances of prosecutorial misconduct.

[3.] Defendant-appellant was denied effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution.

## A. The Trial Court's Handling of Objections

{¶ 7} Appellant argues in his first assignment of error that he was denied a fair trial due to a biased trial court judge. Appellant's basis for asserting this argument is the trial court's "disproportionate rulings against [him] and in support of the prosecutor and the State." (Appellant's brief at 9.) To support this argument, appellant conducted a statistical analysis comparing the trial court's treatment of his objections and its treatment of the state's objections. He contends that the analysis reveals that the trial court sustained 31 percent of his 73 objections but sustained 74 percent of the state's 35 objections. Similarly, he also contends that the trial court, when sustaining an objection posed by appellant's counsel, instructed the jury to disregard the question 19 percent of the time but only 8.7 percent of the time when appellant's counsel objected to a question of the prosecutor. Appellant concludes that these results are statistically significant, meaning that the difference in treatment could not occur by chance. Appellant goes on to infer that the trial court's difference in treatment is proof of its bias towards him, which may "simply be reflecting societal opinions in general or what Gallup refers to as 'Islamophobia' " but concludes that it was "apparent" that the trial court's ruling on objections were the result of bias against him because he was a Muslim from Somalia. (Appellant's brief at 10-11.) We strongly reject this argument.

{¶ 8} "It is well settled that a criminal trial before a biased judge is fundamentally unfair and denies a defendant due process of law." *State v. LaMar*, 95 Ohio St.3d 181, 2002-Ohio-2128, ¶ 34, citing *Rose v. Clark*, 478 U.S. 570, 577 (1986). "Judicial bias has been described as 'a hostile feeling or spirit of ill will or undue friendship or favoritism toward one of the litigants or his attorney, with the formation of a fixed anticipatory judgment on the part of the judge, as contradistinguished from an open state of mind which will be governed by the law and the facts.' " *State v. Dean*, 127 Ohio St.3d 140, 2010-Ohio-5070, ¶ 48, quoting *State ex rel. Pratt v. Weygandt*, 164 Ohio St. 463 (1956), paragraph four of the syllabus. "A judge is presumed not to be biased or prejudiced, and a party alleging bias or prejudice must present evidence to overcome the presumption."

*Wardeh v. Altabchi*, 158 Ohio App.3d 325, 2004-Ohio-4423, ¶ 20 (10th Dist.).  "The appearance of bias or prejudice must be compelling to overcome this presumption of integrity."  *Trott v. Trott*, 10th Dist. No. 01AP-852, 2002-Ohio-1077, citing *In re Disqualification of Olivito*, 74 Ohio St.3d 1261, 1263 (1994); *State v. Power*, 7th Dist. No. 12 CO 14, 2013-Ohio-4254, ¶ 23.

{¶ 9}  First, pursuant to R.C. 2701.03, the Supreme Court of Ohio, not the appeals courts, has authority to determine a claim that a common pleas court judge is biased or prejudiced.   *State v. Scruggs*, 10th Dist. No. 02AP-621, 2003-Ohio-2019, ¶ 15.   If appellant believed that the trial judge was biased or prejudiced against him, his remedy was to file an affidavit of disqualification for prejudice with the clerk of the Supreme Court.  R.C. 2701.03; *Scruggs* at ¶ 15.  "R.C. 2701.03 'provides the exclusive means by which a litigant may claim that a common pleas judge is biased and prejudiced.' " *Scruggs* at ¶ 15, quoting *Jones v. Billingham*, 105 Ohio App.3d 8, 11 (2d Dist.1995).  R.C. 2701.03(B) requires that a party asserting bias or prejudice by a common pleas court judge file an affidavit of disqualification that sets forth the specific allegations and supporting facts on which the claim of bias or prejudice is based "with the clerk of the supreme court not less than seven calendar days before the day on which the next hearing in the proceeding is scheduled."  The record does not reflect that appellant filed an affidavit with the Supreme Court as provided in R.C. 2701.03.  Accordingly, appellant did not invoke the jurisdiction of the proper court to review this issue.

{¶ 10} Second, even if this issue were properly before this court for review, appellant did not raise objections in the trial court on the basis of bias or prejudice to the court's evidentiary rulings that he now contends exhibits bias.  Therefore, to the extent this issue is subject to our review, it is reviewed under a plain error analysis.  *Wardeh* at ¶ 23, citing *Weiner v. Kwiat,* 2d Dist. No. 19289, 2003-Ohio-3409, ¶ 96.  Under Crim.R. 52(B), plain errors affecting substantial rights may be noticed by an appellate court even though they were not brought to the attention of the trial court.  To constitute plain error, there must be: (1) an error, i.e., a deviation from a legal rule, (2) that is plain or obvious, and (3) that affected substantial rights, i.e., affected the outcome of the trial.  *State v. Barnes*, 94 Ohio St.3d 21, 27 (2002).  Even if an error satisfies these prongs, appellate courts are not required to correct the error.  Appellate courts retain discretion to correct

plain errors. *Id.*; *State v. Litreal*, 170 Ohio App.3d 670, 2006-Ohio-5416, ¶ 12 (4th Dist.). Courts are to notice plain error under Crim.R. 52(B) " 'with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.' " *Barnes*, quoting *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph three of syllabus.

{¶ 11} In that regard, we note that appellant's "statistical analysis" does not support his argument that the trial court was biased against him due to his religion. Appellant provides nothing indicating that any of the trial court's rulings on trial objections were incorrect. Indeed, appellant has not assigned as error any of those rulings. On the contrary, his argument is not that the trial court erred in any of its rulings, just that more of the rulings went against him than the state. Under this argument, we assume that if defense counsel had asserted 100 baseless objections and the trial court properly overruled all of them, he would claim a biased judge. This example reveals the absurdity of his argument. Simply put, appellant's "statistical analysis" does not demonstrate that the trial court was biased against him.

{¶ 12} Accordingly, we overrule appellant's first assignment of error.

**B. Prosecutorial Misconduct**

{¶ 13} Appellant argues in his second assignment of error that he was deprived of a fair trial due to instances of prosecutorial misconduct. We disagree.

{¶ 14} The test for prosecutorial misconduct in closing arguments "is whether the remarks were improper and, if so, whether they prejudicially affected substantial rights of the defendant." *State v. Smith*, 14 Ohio St.3d 13, 14 (1984), citing *United States v. Dorr*, 636 F.2d 117 (5th Cir.1981). The touchstone of due process analysis in cases of alleged prosecutorial misconduct is the fairness of the trial, not the culpability of the prosecutor. *State v. Wilkerson*, 10th Dist. No. 01AP-1127, 2002-Ohio-5416, ¶ 38; *Smith v. Phillips*, 455 U.S. 209, 219 (1982). Thus, prosecutorial misconduct is not grounds for reversal unless the defendant has been denied a fair trial. *State v. Maurer*, 15 Ohio St.3d 239, 266 (1984).

**C. Burden Shifting**

{¶ 15} Appellant first argues that the prosecutor improperly shifted the burden of proof during voir dire and again in closing arguments. Specifically, in voir dire, the prosecutor asked a potential juror if she was okay with giving the defendant the

presumption of innocence. The prosecutor then commented "that's a presumption that can be rebutted, and, obviously, the State believes that it will be rebutted by evidence that's presented to you." (Tr. Vol. 1 at 45.) Appellant did not object to this alleged instance of prosecutorial misconduct and has, therefore, waived all but plain error. *State v. Daniels*, 10th Dist. No. 14AP-326, 2015-Ohio-2649, ¶ 29, citing *State v. Cunningham*, 105 Ohio St.3d 197, 2004-Ohio-7007, ¶ 82. To prevail on plain error review, appellant must establish both that misconduct occurred and that but for the misconduct, the outcome of the trial clearly would have been otherwise. *State v. Pickens*, 141 Ohio St.3d 462, 2014-Ohio-5445, ¶ 109.

{¶ 16} Regardless of the level of our review, this comment was a proper and correct statement of law. A defendant in a criminal trial is presumed to be innocent and that presumption may be overcome if the state offers proof beyond a reasonable doubt of a defendant's guilt. That is one of the concepts that underlie our system of criminal law and which the prosecutor addressed in her comment.

{¶ 17} Next, during the state's closing argument, the prosecutor noted that appellant testified that he never talked to J.R. on the phone during a certain time period, notwithstanding phone records indicating that his cell phone placed calls to her phone number during the same period. (Tr. Vol. 4 at 662-64.) The prosecutor then commented "What? Did somebody else have your phone?" (Tr. Vol. 4 at 718.) The trial court overruled appellant's objection to that comment. Appellant argues that this comment could have led the jury to believe that it was his burden to prove that he did not talk to J.R. on the phone. We review a prosecutor's closing argument in its entirety to determine whether the allegedly improper remarks were prejudicial. *State v. Were*, 118 Ohio St.3d 448, 2008-Ohio-2762, ¶ 198. Whether this comment was proper or not, we cannot say that it was prejudicial and denied appellant a fair trial in the context of the entire closing argument. Further, right after the comment, the trial court noted that it was the state's burden to prove guilt and that the state could not shift the burden to the appellant. *Pickens* at ¶ 120 (finding no prejudice in similar context where trial court instructions corrected any potential error). The trial court also fully and correctly instructed the jury on the state's burden to prove appellant's guilt beyond a reasonable doubt and that if it

did not meet this burden, appellant must be acquitted. *State v. Carter*, 3d Dist. No. 1-15-62, 2017-Ohio-1233, ¶ 130.

### D. Misleading the Jury

{¶ 18} Last, appellant argues that the prosecutor improperly argued to the jury that he admitted to committing the offenses when, in fact, he denied the offenses in his trial testimony. Again, we disagree. Courts afford prosecutors wide latitude in closing arguments, and prosecutors may draw reasonable inferences from the evidence at trial, commenting on those inferences during closing argument. *State v. Lipkins*, 10th Dist. No. 16AP-616, 2017-Ohio-4085, ¶ 23; *State v. Hunt*, 10th Dist. No. 12AP-1037, 2013-Ohio-5326, ¶ 18. Although appellant denied committing these offenses in his trial testimony, the state admitted into evidence text messages that appellant sent to the victim's mother which can be read as admissions that he sexually abused Y.C. The victim's mother also testified that she talked to appellant on the phone and he admitted to the sexual abuse of Y.C. (Tr. Vol 1 at 234.) The prosecutor's comment was, at the least, a reasonable inference that can be drawn from that evidence and was, therefore, proper.

### E. Conclusion

{¶ 19} We reject appellant's claims of prosecutorial misconduct. Accordingly, we overrule his second assignment of error.

### F. Ineffective Assistance of Counsel

{¶ 20} Appellant argues in his third assignment of error that he received ineffective assistance of counsel. We disagree.

{¶ 21} To establish a claim of ineffective assistance of counsel, appellant must show that counsel's performance was deficient and that counsel's deficient performance prejudiced him. *State v. Jackson*, 107 Ohio St.3d 53, 2005-Ohio-5981, ¶ 133, citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The failure to make either showing defeats a claim of ineffective assistance of counsel. *State v. Bradley*, 42 Ohio St.3d 136, 143 (1989), quoting *Strickland* at 697. ("[T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one.").

{¶ 22} In order to show counsel's performance was deficient, the appellant must prove that counsel's performance fell below an objective standard of reasonable representation. *Jackson* at ¶ 133. The appellant must overcome the strong presumption that defense counsel's conduct falls within a wide range of reasonable professional assistance. *Strickland* at 689. To show prejudice, the appellant must establish that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *State v. Hale*, 119 Ohio St.3d 118, 2008-Ohio-3426, ¶ 204.

{¶ 23} Appellant first contends that his trial counsel was ineffective for not requesting a competency hearing before Y.C. testified.[1] We disagree. Evid.R. 601 provides that every person is competent to be a witness except "[t]hose of unsound mind, and children under ten years of age, who appear incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly." Evid.R. 601(A). At the time of her testimony, Y.C. was 11 years old and therefore competent.

{¶ 24} Appellant argues that defense counsel should have requested a competency hearing due to inconsistencies in statements Y.C. made before trial. We disagree, as inconsistencies would not render Y.C. incompetent as a witness. A person who is able to correctly state matters which have come within his perception with respect to the issues involved and appreciates and understands the nature and obligation of an oath is a competent witness notwithstanding some unsoundness of mind. *Bradley* at 140-41, citing *State v. Wildman*, 145 Ohio St. 379 (1945), paragraph three of the syllabus; *State v. Pyles*, 7th Dist. No. 13 MA 22, 2015-Ohio-5594, ¶ 85. There is no indication in the record that Y.C. was unable to correctly state matters which came within her perception regarding the issues involved or that she did not appreciate and understand the nature and obligation of her oath. Absent any such indications, we cannot say that trial counsel was deficient for not requesting a competency hearing, as appellant fails to demonstrate that such a

---

[1] Appellant also argues that defense counsel should have requested a competency hearing before Y.C.'s recorded interview was played to the jury because she was less than ten years old when she was interviewed. It is unclear if or even how a competency hearing would apply to a previously recorded interview, as appellant fails to explain how a court could look back and determine the competency of a person years later. Accordingly, we reject this argument.

hearing would have shown Y.C. to be incompetent as a witness. *State v. Henry*, 6th Dist. No. E-15-064, 2017-Ohio-2902, ¶ 33.

{¶ 25} Next, appellant argues that trial counsel was ineffective for not filing an affidavit of disqualification against the trial court judge based on the judge's alleged bias asserted in his first assignment of error. Having rejected the bias argument in addressing that assignment of error, we also reject it here.

{¶ 26} Last, appellant argues that the cumulative effect of these instances of defense counsel's ineffectiveness deprived him of a fair trial. Because we have not found ineffective assistance in either of these arguments, we reject this argument.

{¶ 27} For these reasons, we overrule appellant's third assignment of error.

## III. Conclusion

{¶ 28} For these reasons, we overrule appellant's assignments of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

TYACK, P.J., and LUPER SCHUSTER, J., concur.