[Cite as *Coppo v. Fixari Family Dental Practice, L.L.C.*, 2022-Ohio-1828.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Amalia Coppo,                                    :

      Plaintiff-Appellant,              :

                                    No. 21AP-593

v.                                               :            (C.P.C. No. 20CV-4938)

Fixari Family Dental Practice, L.L.C. et al.,   :

                                  (REGULAR CALENDAR)

      Defendants-Appellees.            :

---

D E C I S I O N

Rendered on May 31, 2022

---

**On brief:** *Henderson, Mokhtari & Weatherly Co., L.P.A.,* and *Al A. Mokhtari*, for appellant. **Argued:** *Al A. Mokhtari.*

**On brief:** *David J. Heinlein*, for appellee Fixari Family Dental Practice. **Argued:** *David J. Heinlein.*

**On brief:** *Reminger Co., L.P.A., Robert V. Kish*, and *Melvin J. Davis*, for appellee Craig D. McKibben, D.D.S. **Argued:** *Melvin J. Davis.*

---

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Plaintiff-appellant, Amalia Coppo, appeals the September 7 and October 18, 2021 decisions and entries of the Franklin County Court of Common Pleas granting summary judgment in favor of defendants-appellees Fixari Family Dental Practice, L.L.C. ("Fixari") and Craig D. McKibben, D.D.S. (collectively "appellees"). For the following reasons, we affirm.

**I. Facts and Procedural History**

{¶ 2} On July 29, 2020, appellant filed a complaint, which included causes of action for negligence and lack of informed consent. Appellant noted this was a refiled action, with the original action having been filed in the trial court in Franklin C.P. No.

2017CV-5269.[1] In the complaint, which was filed together with an affidavit of merit, appellant stated that this case arose out of dental and orthodontic treatment by McKibben, who was employed at the time by Fixari.

{¶ 3} According to appellant, on September 13, 2014, McKibben performed tooth and root extractions in order to prepare appellant to receive dentures. Although appellant notified appellees that she suffered from osteoporosis, appellees did not inquire further to determine what medication appellant was taking to treat her osteoporosis or explore possible risks resulting from the interactions between her medication and any course of treatment. Following the procedure on September 13, 2014, appellant alleged she began experiencing ongoing, significant pain that persisted throughout the course of her treatment by appellees. Appellant continued to receive treatment from appellees at several visits through November 2016. On December 1, 2016, Manraj Bath, M.D., an oral surgeon with Pickerington Manor Jaw & Facial Surgery, performed a procedure to attempt to resolve appellant's pain. Appellant alleged that due to appellees' negligence, she suffered injuries, pain, and emotional distress in addition to ongoing medical and dental expenses. Furthermore, appellant alleged that appellees failed to obtain her informed consent and failed to advise her of the risk of nerve pain resulting from the procedure.

{¶ 4} On March 12, 2021, McKibben filed a motion for summary judgment. McKibben argued appellant's claims were barred by the statute of repose under R.C. 2305.113(C) as interpreted by *Wilson v. Durrani*, 164 Ohio St.3d 419, 2020-Ohio-6827, which held that the savings statute was not an exception to the statute of repose. Attached to the motion for summary judgment was the medical report of neurologist, Gerald S. Steiman, M.D., CIME, who opined, following an examination of appellant and her medical records, that appellant developed a painful post-traumatic trigeminal neuropathy as a direct and proximate result of her dental procedure on September 13, 2014.

---

[1] Pursuant to Evid.R. 201, a court, including an appellate court, may take judicial notice of a fact not subject to reasonable dispute that is " 'either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.' " *See State ex rel. Brime v. McIntosh*, 10th Dist. No. 19AP-70, 2019-Ohio-4019, ¶ 28, quoting Evid.R. 201(B); *State v. Murphy*, 10th Dist. No. 12AP-952, 2013-Ohio-5599, ¶ 23; *State ex rel. Coles v. Granville*, 116 Ohio St.3d 231, 2007-Ohio-6057, ¶ 20, quoting *Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388 (2d Cir.1992), quoting *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 774 (2d Cir.1991) (quoting *Liberty Mut. Ins. Co.* for the proposition that a " 'court may take judicial notice of a document filed in another court "not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings" ' "). We take judicial notice of the fact that appellant filed the original complaint in case No. 2017CV-5269 on June 12, 2017 and dismissed the action on August 19, 2019.

{¶ 5} On April 23, 2021, appellant filed a memorandum in opposition to McKibben's motion for summary judgment, arguing the Supreme Court of Ohio's decision in *Wilson* should be applied only prospectively. On April 30, 2021, McKibben filed a reply in support of his motion for summary judgment. On May 7, 2021, appellant filed a motion for leave to file sur-reply to the motion for summary judgment to which she attached a copy of the proposed sur-reply. On May 10, 2021, McKibben filed a motion to strike appellant's motion for leave to file sur-reply and attached sur-reply. On September 7, 2021, the trial court filed a decision granting McKibben's March 12, 2021 motion for summary judgment, denying appellant's May 7, 2021 motion for leave to file sur-reply, and granting McKibben's May 10, 2021 motion to strike.

{¶ 6} On September 13, 2021, Fixari filed a motion for summary judgment, adopting the arguments advanced by McKibben in his March 12, 2021 motion for summary judgment. On October 11, 2021, appellant filed a memorandum in opposition to Fixari's motion for summary judgment. On October 18, 2021, the trial court filed a decision and entry granting Fixari's September 13, 2021 motion of summary judgment.

## II. Assignments of Error

{¶ 7} Appellant appeals and assigns the following two errors for our review:

> I. THE TRIAL COURT ERRED IN GRANTING APPELLEE CRAIG MCKIBBEN'S MOTION FOR SUMMARY JUDGMENT.
>
> II. THE TRIAL COURT ERRED IN GRANTING APPELLEE FIXARI FAMILY DENTAL PRACTICE, LLC'S MOTION FOR SUMMARY JUDGMENT.

## III. First and Second Assignments of Error—Summary Judgment

{¶ 8} In her first and second assignments of error, appellant asserts the trial court erred in granting summary judgment in favor of appellees.

### A. Standard of Review

{¶ 9} We review a decision on a motion for summary judgment under a de novo standard. *LRC Realty, Inc. v. B.E.B. Properties*, 160 Ohio St.3d 218, 2020-Ohio-3196, ¶ 11. De novo appellate review means the court of appeals conducts an independent review, without deference to the trial court's decision. *Wiltshire Capital Partners v. Reflections II, Inc.*, 10th Dist. No. 19AP-415, 2020-Ohio-3468, ¶ 12. Summary judgment is appropriate only when the moving party demonstrates: (1) no genuine issue of material fact exists,

(2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. Civ.R. 56(C); *State ex rel. Grady v. State Emp. Relations Bd.*, 78 Ohio St.3d 181, 183 (1997). In ruling on a motion for summary judgment, the court must resolve all doubts and construe the evidence in favor of the nonmoving party. *Premiere Radio Networks, Inc. v. Sandblast, L.P.*, 10th Dist. No. 18AP-736, 2019-Ohio-4015, ¶ 6.

{¶ 10} Pursuant to Civ.R. 56(C), the party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and of identifying those portions of the record demonstrating the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). The moving party cannot satisfy this initial burden by simply making conclusory allegations, but instead must demonstrate, including by use of affidavit or other evidence allowed by Civ.R. 56(C), that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Wiltshire Capital* at ¶ 13. If the moving party fails to satisfy this initial burden, the court must deny the motion for summary judgment; however, if the moving party satisfies the initial burden, the nonmoving party has a burden to respond, by affidavit or otherwise as provided under Civ.R. 56, with specific facts demonstrating a genuine issue exists for trial. *Dresher* at 293; *Hall v. Ohio State Univ. College of Humanities*, 10th Dist. No. 11AP-1068, 2012-Ohio-5036, ¶ 12, citing *Henkle v. Henkle*, 75 Ohio App.3d 732, 735 (12th Dist.1991).

**B. Analysis**

{¶ 11} This case presents the question of whether the Supreme Court's decision in *Wilson* applies retroactively. "An Ohio court decision applies retrospectively unless a party has contract rights or vested rights under the prior decision." *DiCenzo v. A-Best Prods. Co., Inc.*, 120 Ohio St.3d 149, 2008-Ohio-5327, at paragraph one of the syllabus, citing *Peerless Elec. Co. v. Bowers*, 164 Ohio St. 209 (1955). In *DiCenzo*, the Supreme Court adopted the test articulated in *Chevron Oil Co. v. Huson*, 404 U.S. 97 (1971), for determining whether to apply a decision only prospectively. The Supreme Court held that "[a]n Ohio court has discretion to apply its decision only prospectively after weighing the following considerations: (1) whether the decision establishes a new principle of law that was not foreshadowed in prior decisions, (2) whether retroactive application of the decision promotes or retards the purpose behind the rule defined in the decision, and (3) whether

retroactive application of the decision causes an inequitable result." *DiCenzo* at paragraph two of the syllabus, citing *Chevron*.

**{¶ 12}** In *Wilson*, the plaintiffs initially filed complaints alleging medical malpractice within four years of the alleged malpractice, but voluntarily dismissed such complaints before refiling them in another county. The plaintiffs argued that, having voluntarily dismissed their claims pursuant to Civ.R. 41(A) and having thus failed otherwise than on the merits, they were entitled pursuant to R.C. 2305.19(A) to refile such claims within one year. The Supreme Court accepted review of the case to determine whether the savings statute operated as an exception to the statute of repose for medical claims. In answering this question, the Supreme Court stated that "exceptions to a statute of repose require 'a particular indication that the legislature did not intend the statute to provide complete repose but instead anticipated the extension of the statutory period under certain circumstances,' as when the statute of repose itself contains an express exception." *Wilson* at ¶ 29, quoting *California Pub. Emps. Retirement Sys. v. ANZ Secs., Inc.,* ___U.S. ___, 137 S.Ct. 2042, 2050 (2017). Based on the "absence of an express incorporation of the Ohio saving statute as an exception in the medical statute of repose, the General Assembly's express incorporation of the savings statute as an exception to another statute of repose in R.C. Chapter 2305, and the general character of statutes of repose as providing an absolute temporal limit on a defendant's potential liability," the court found the savings statute did not provide an exception to the bar on claims imposed by the statute of repose. *Wilson* at ¶ 37. The court held that "[e]xpiration of the statute of repose precludes the commencement, pursuant to the saving statute, of a claim that has previously failed otherwise than on the merits in a prior action." *Id*. at ¶ 38. As a result, the court concluded the plaintiffs' claims were barred by the statute of repose for medical claims pursuant to R.C. 2305.113(C).

**{¶ 13}** Here, appellant dismissed her original action against appellees on August 19, 2019. Appellant refiled her complaint in this case on July 29, 2020, some months before the Supreme Court rendered its decision in *Wilson* on December 23, 2020. Both appellant and appellees agree that the statute of repose would bar appellant's claim if the decision in *Wilson* was applied retroactively.

**{¶ 14}** Nevertheless, appellant asserts that *Wilson* should only apply prospectively because she was proceeding under the existing precedent from this court when she

dismissed and refiled her action. In support of this contention, appellant points to our decisions in *Bugh v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 17AP-779, 2019-Ohio-112, and *Wade v. Reynolds*, 34 Ohio App.3d 61 (10th Dist.1986). In *Bugh*, we stated that "[t]o determine whether the statute of repose bars an action, we must assess the last culpable act or omission and determine whether the complaint was filed within four years of that occurrence or, if subsequently dismissed, was refiled pursuant to the savings statute within one year of the dismissal even though such refiled complaint is past the four-year period." *Bugh* at ¶ 24, citing *Wade*. Appellant claims that she has vested rights to refile her action under *Bugh* and *Wade*. As a result, appellant urges us to apply *DiCenzo* to find that the Supreme Court's decision in *Wilson* should apply only prospectively.

**{¶ 15}** In its decision granting reconsideration in part in *Wilson*, the Supreme Court held that the "[r]equest of amicus curiae * * * that [the] decision be applied prospectively only [was] denied." *Wilson v. Durrani*, 161 Ohio St.3d 1453, 2021-Ohio-534 (granting reconsideration in part and remanding to consider whether repose period was tolled). Thus, the Supreme Court made clear that it intended its decision in *Wilson*, 2020-Ohio-6827, to apply retrospectively. Because we are bound to follow the controlling precedent of the Supreme Court of Ohio, we need not apply the test articulated in *DiCenzo*.[2] *See Schultz v. Univ. of Cincinnati College of Medicine*, 10th Dist. No. 09AP-900, 2010-Ohio-2071, ¶ 25 (stating that "we must apply the law as set forth by the Supreme Court of Ohio" by applying a decision retroactively and noting that the Supreme Court of Ohio had discretion to apply the decision in question only prospectively, but nothing in its decision "suggests that the court intended its decision to be applied prospectively only"). *See generally McCarthy v. Lee*, 10th Dist. No. 21AP-105, 2022-Ohio-1033, ¶ 31; *In re C.J.*, 10th Dist. No. 16AP-891, 2018-Ohio-931, ¶ 77; *In re W.W.E.*, 10th Dist. No. 15AP-167, 2016-Ohio-4552, ¶ 34; *Coniglio v. State Med. Bd. of Ohio*, 10th Dist. No. 07AP-298, 2007-Ohio-5018, ¶ 8. We

---

[2] We note as well, there is a real question as to whether it would even be appropriate for this court to apply the *DiCenzo* test to a decision of the Supreme Court of Ohio. After all, the Supreme Court stated that an "Ohio court has discretion to apply *its* decision only prospectively" in articulating the test to be applied. (Emphasis added.) *DiCenzo* at paragraph two of the syllabus. The court also stated "*this court* has the authority to impose prospective-only application of *our* decisions." (Emphasis added.) *Id.* at ¶ 28.

Moreover, we also note we have previously applied *DiCenzo* to a decision of the Supreme Court of Ohio in analyzing whether it should only apply prospectively. *State ex rel. Walmart, Inc. v. Hixson*, 10th Dist. No. 19AP-323, 2021-Ohio-3802, ¶ 14. In *Walmart*, however, we never squarely addressed whether we could apply *DiCenzo* to a decision of the Supreme Court of Ohio.

discern from appellant's arguments that she believes the decision in *Wilson* creates a harsh result when applied in this case. However, in order to obtain the relief she seeks, appellant must bring her argument to the Supreme Court of Ohio for consideration. Therefore, as the Supreme Court expressly rejected a request for its decision in *Wilson* to apply only prospectively, we conclude the trial court did not err in granting summary judgment under the authority of *Wilson*.

{¶ 16} Finally, we note appellant's argument that the trial court erred by denying her motion for leave to file sur-reply and by granting McKibben's motion to strike. Appellant, however, failed to raise a separate assignment of error asserting that such decisions constituted error. Pursuant to App.R. 12(A)(1)(b), appellate courts must "[d]etermine [an] appeal on its merits on the assignments of error set forth in the briefs under App.R. 16." Thus, appellate courts rule on assignments of error only, not mere arguments. *Hamid v. Univ. Manors, Ltd.*, 10th Dist. No. 20AP-74, 2021-Ohio-2115, ¶ 16. *See JPMorgan Chase Bank, N.A. v. Cloyes*, 10th Dist. No. 20AP-107, 2021-Ohio-3316, ¶ 10 (stating that "[a]ssignments of error are vitally important" and declining to address the appellant's arguments raised in the absence of an assignment of error). Regardless, having found the trial court did not err in granting summary judgment, we find that any error in denying appellant leave to file a sur-reply or in granting McKibben's motion to strike is harmless. Accordingly, we overrule appellant's first and second assignments of error.

## IV. Conclusion

{¶ 17} Having overruled appellant's two assignments of error, we affirm the September 7 and October 18, 2021 judgments of the Franklin County Court of Common Pleas.

*Judgments affirmed.*

KLATT and MENTEL, JJ., concur.

————————————