[Cite as *Lower v. Lower*, 2026-Ohio-2098.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Michael Scott Lower,                                          :

        Plaintiff-Appellant,                       :               No. 25AP-607
                                                                                (Prob. No. 613894WC)

v.                                                                      :

                                                                                (REGULAR CALENDAR)

Donald Lee Lower et al.,                                  :

        Defendants-Appellees.                    :

---

D E C I S I O N

Rendered on June 4, 2026

---

**On brief:** *Michael Scott Lower*, pro se. **Argued:** *Michael Scott Lower*.

**On brief:** *Barney Debrosse LLC*, *Michael Truman* and *Derek DeBrosse*; *Cooke Demers, LLC*, *Adam J. Bennett*, for appellees. **Argued:** *Adam J. Bennett*.

---

APPEAL from the Franklin County Court of Common Pleas,
Probate Division

BEATTY BLUNT, J.

{¶ 1}   Plaintiff-appellant, Michael Scott Lower, appeals from a judgment entry of the Franklin County Court of Common Pleas, Probate Division, overruling appellant's objections to the magistrate's decision granting the motions for summary judgment filed by defendants-appellees pursuant to Civ.R. 56, adopting the magistrate's decision as its own, and granting the motion for summary judgment filed by appellee, Donald Lee Lower in both his individual and executor capacities on November 2, 2022; the renewed motion for summary judgment filed by Donald Lee Lower, individually, on February 11, 2025; and the renewed motion for summary judgment filed by Donald Lee Lower, executor, on March 3, 2025.  For the following reasons, we affirm.

**I. Facts and Procedural History**

{¶ 2} This appeal arises out of a will contest action. The record evinces the following.

{¶ 3} In April of 2021, decedent Nancy G. Lower ("Decedent") retained the services of attorney Colin R Beach ("Beach") for the preparation of estate planning documents including a Last Will and Testament (the "Will") and a Transfer on Death Designation Affidavit (the "TODDA") regarding her real property located at 6149 Northgap Drive, Columbus, Ohio 43229 (the "Property"). (Aff. of Colin R. Beach at ¶ 5, Ex. A and incorporated herein by reference hereinafter as "Beach Aff. at ¶__"). A copy of Decedent's engagement letter dated April 20, 2021 is attached to the Beach Affidavit as Exhibit 1; a copy of the Will is attached to the Beach Affidavit as Exhibit 2; and a copy of the TODDA is attached to the Beach Affidavit as Exhibit 3. (*See generally*, Nov. 2 2022 Mot. of Defs Donald Lee Lower, Individually, and Donald Lee Lower, Executor, for Summ. Jgmt.)

{¶ 4} Prior to Beach preparing the Will and the TODDA, Decedent provided Beach with clear and concise instructions on how she wished for her estate to be distributed upon her passing. (Beach Aff. at ¶ 6.) Following Decedent's instructions, Beach prepared the Will and the TODDA to be executed on April 20, 2021 in his office. (Beach Aff. at ¶ 7.) Decedent arrived at Beach's office on April 20, 2021 at or around 2:00 p.m. (Beach Aff. at ¶ 8.) Decedent was accompanied by Donald Lee Lower who provided her with transportation to Beach's office. *Id.*

{¶ 5} When Decedent arrived at Beach's office, she provided Beach with a letter dated March 30, 2021 from her long-time medical doctor, Ronald M. Taddeo, M.D. ("Dr. Taddeo"), regarding Decedent's mental competency and ability to execute estate planning documents (the "Competency Letter"). (Beach Aff. at ¶ 9.) A copy of the Competency Letter is attached to the Beach Affidavit as Exhibit 4.

{¶ 6} Pursuant to the Competency Letter, Dr. Taddeo declared Decedent both competent to make any financial or medical decisions and to make any changes to her own estate planning and her last will and testament. (Aff. of Ronald M. Taddeo, M.D. at ¶ 6, Ex, B, hereinafter "Taddeo Aff. at ¶_"). Based on Dr. Taddeo's examination of Decedent on or about March 30, 2021, it is his professional opinion that the opinions expressed in the Competency Letter remain true and accurate. (Taddeo Aff. at ¶ 7.)

{¶ 7}    When Beach met with Decedent on April 20, 2021, Beach reviewed the estate planning documents with Decedent, discussed her familial relationship with her three sons, appellant, Donald Lee Lower, and defendant-appellee James William Lower, and reaffirmed her wishes and that she understood the ramifications of executing the documents Beach had prepared for Decedent, including the Will and the TODDA. (Beach Aff. at ¶ 10).  During that meeting, Decedent appeared to Beach to fully comprehend the nature of the business she was transacting and appeared to Beach to be of sound mind and memory when she executed the Will and the TODDA. *Id.*  At no time during the meeting did Beach observe anything that resembled improper influence being exerted over her by Donald.  (Beach Aff. at ¶ 11.)  In fact, according to Beach, Decedent's meeting with him was rather straightforward and unremarkable.  *Id.*

{¶ 8}    Further, according to Timothy A. Hudson, who witnessed the execution of the Will, Decedent appeared to fully comprehend the nature of the business she was transacting and appeared to Hudson to be of sound mind and memory when Decedent executed the Will. (Aff. of Timothy A. Hudson at 3, Ex. C, hereinafter "Hudson Aff. at ¶ ___").

{¶ 9}    In late October or early November of 2021, Beach was contacted by Donald who advised Beach that Decedent had died unexpectedly of a heart attack on October 26, 2021 and he retained Beach's services to assist with Decedent's estate affairs.  (Beach Aff. at ¶ 12, Ex. A.)  (A copy of Decedent's death certificate (the "Death Certificate") is attached to the Beach Aff. as Ex. 5.)

{¶ 10}   On December 15, 2021, the trial court admitted to probate Decedent's 2021 Will, which left her entire estate to appellee Donald Lee Lower, excluding appellant and James Lower from inheritance except for love and affection.

{¶ 11}   On April 8, 2022, appellant filed a will contest alleging undue influence and lack of testamentary capacity on the part of Decedent.

{¶ 12}   On November 2, 2022, Donald Lee Lower filed a motion for summary judgment.  On February 11, 2025, Donald Lee Lower, in his individual capacity, filed a renewed motion for summary judgment, and on March 3, 2025, Donald Lee Lower, in his capacity as executor, filed a renewed motion for summary judgment.

{¶ 13} On November 27, 2024, appellant filed a motion to compel specific relevant probative evidence, and on January 27, 2025, appellant filed a motion to compel better discovery.

{¶ 14} On April 10, 2025, the magistrate issued an order denying all but one request for production of documents appellant's motions to compel. (*See* Apr. 10, 2022 Mag.'s Order.) On April 22, 2025, appellant filed a motion to set aside/objections to the magistrate's order issued April 10, 2025. On the same day, the magistrate issued a decision recommending that the trial court grant summary judgment in favor of appellee Donald Lee Lower, finding no genuine issues of material fact regarding undue influence or lack of testamentary capacity. (*See* Apr. 22, 2025 Mag.'s Decision.)

{¶ 15} On May 1, 2025, appellant filed objections to the magistrate's decision issued April 22, 2025. On June 27, 2025, the trial court issued its judgment entry overruling the objections and adopting the magistrate's decision as its own, thus granting summary judgment in favor of Donald Lee Lower in both his individual capacity and as executor.

{¶ 16} On July 29, 2025, appellant timely filed this appeal, which is now before the court.

## II. Assignments of Error

{¶ 17} Appellant assigns the following seven errors for our review:

[1.]    The Court's Overruling the plaintiff's civ. r. 53 (d)(3) objections to the magistrate's findings of fact and conclusions of law re: magistrate order of April 22, 2025(R-272), recommending summary judgment in favor of defendant Donald lower was an Abuse of Discretion. Magistrate's Findings of Fact and Conclusions of Law, relative to this court's failure to recognize disputed issues of fact, unsettled legal issues, and facts that should have been disposed of in a "Will Contest" action only by and through a jury.

[2.]    Whether the cumulative effect of the ongoing Plain Error(s) deprived Appellant of fairness and equity in the proceedings which were effectuated through a pattern of blocking and thwarting Appellant's efforts to prosecute the claim which included delaying rulings on matters such as joining appropriate and/or interested parties;

long delays in ruling on Appellant's discovery Motions; consistently blocking and thwarting Appellant's ability to gather and acquire discovery, evidence, and investigative inquiries that have long been known to be allowable per a "Will-Contest" claim, and as such constituted "Structural Error" and therefore not subject to the harmless error analysis.

[3.]    Whether the Probate Court abused its discretion by allowing the testimony of the Decedent's general practitioner, a medical doctor, through his affidavit as an expert witness when he did not have specialized knowledge, skill, and did not know that the Decedent was incapable of event understanding or appreciating that each time she answered a random call on her cellphone, she would agree to change-over her utilities and other essential services due to a lack of mental capacity, though these facts were known to both Defendants/Appellees, and the attorney they found and procured for the Decedent to facilitate the re-writing of the Decedent's Will. Further there were 2 affidavits, one(1) which had never been withdrawn, removed, or stricken despite the trial court agreeing that Colin Beach was objectively shown to be a biased interested party who was disqualified because his actions and conduct demonstrated too much proximity and involvement in the underlying facts.

[4.]    Whether the Probate Court abused its discretion by ruling on an admission made by Defendant James Lower, to wit, he received loans towards the purchase of a pick-up truck and a mobile RV by and from the Decedent's Estate and while Appellant wanted the fact as to whether he ever repaid such substantial loans back to the Decedent's Estate to be part of the cumulative consideration, the Probate Court found this issue to have no relevance nor have any bearing to James Lower's motives as it pertained to the coercion and elder abuse that factored in to the Decedent re-writing her Will six (6) months before she died because to exclude such loans from the Will and/or to discard this issue is tantamount to a loan-forgiveness and as such a testamentary windfall by omission.

[5.]    The Ex Parte communications, being judicial misconduct, that permeated the proceedings and the litigation are a Structural Error. The Court's continual

attempts to conceal this show incontrovertibly that rulings in this trial were made in Bad Faith.

[6.]    Whether the substantial bias endured by the Plaintiff/Appellant as evinced in an order that expressly stated it intended to deny and/or dismiss any other Motion filed by the Plaintiff whether or not it was reviewed, considered, and/or addressed and this undeniable pre-disposition against the Plaintiff's efforts to prosecute his Will Claim case demonstrated the Structural Error that permeated the very essence and intentions that are central to such a case.

[7.]    The Court abused it's discretion and exhibited bias when it asked defense counsel to file a motion for sanctions and a motion for summary judgment, after denying Plaintiff/Appellant's discovery motions.

(Sic passim.)

## III. Law and Analysis

### A. Introductory Remarks

{¶ 18} We begin by observing that "[p]ro se litigants are presumed to have knowledge of the law and legal procedures and are held to the same standard as litigants who are represented by counsel." *Rizzo-Lortz v. Erie Ins. Group.*, 2019-Ohio-2133, ¶ 18 (10th Dist.), citing *In re Application of Black Fork Wind Energy, LLC*, 2013-Ohio-5478, ¶ 22. "A litigant proceeding pro se can neither expect nor demand special treatment." *Id.*, citing *Suon v. Mong*, 2018-Ohio-4187, ¶ 26 (10th Dist.).

{¶ 19} Pursuant to App.R. 16(A)(3), an appellant's brief must contain a statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected. Assignments of error are critical because an appellate court determines the appeal on its merits on the assignments of error set forth in the briefs under App.R. 16. App.R. 12(A)(1)(b). An appellate court does not determine an appeal based on mere arguments and may dismiss any arguments not specifically included in an assignment of error. *Huntington Natl. Bank v. Burda*, 2009-Ohio-1752, ¶ 21 (10th Dist.), citing App.R. 12(A)(1)(b) (stating "a court of appeals shall * * * [d]etermine the appeal on its merits on the assignments of error set forth in the briefs"); *Williams v. Barrick*, 2008-Ohio-4592, ¶ 28 (10th Dist.) (holding appellate courts "rule[] on assignments of error

only, and will not address mere arguments"). Therefore, we note at the outset that any arguments presented by appellant that do not pertain to or otherwise support one or more of his assignments of error will not be addressed by the court in this decision.

### B. Standards of Review

{¶ 20} As provided by Civ.R. 53, "the trial court reviews a magistrate's decision de novo." *RRL Holding Co. of Ohio, LLC v. Stewart*, 2020-Ohio-199, ¶ 37 (10th Dist.). In addressing objections to a magistrate's decision, "the trial court must make an independent review of the matters objected to in order 'to ascertain [whether] the magistrate has properly determined the factual issues and appropriately applied the law.' " *Id.*, quoting Civ.R. 53(D)(4)(d).

{¶ 21} In contrast, an appellate court "applies an abuse of discretion standard when reviewing a trial court's adoption of a magistrate's decision." *Id.* Nevertheless, this court reviews questions of law de novo. *Mtge. Bank Corp. v. WWIO, Ltd.*, 2016-Ohio-7069, ¶ 12 (10th Dist.). Further, we review a decision on a motion for summary judgment under a de novo standard. *LRC Realty, Inc. v. B.E.B. Properties*, 2020-Ohio-3196, ¶ 11. De novo appellate review means the court of appeals conducts an independent review, without deference to the trial court's determinations. *Schumacher v. Patel*, 2023-Ohio-4623, ¶ 16 (10th Dist.); *Coppo v. Fixari Family Dental Practice, LLC*, 2022-Ohio-1828, ¶ 9 (10th Dist.); *Wiltshire Capital Partners v. Reflections II, Inc.*, 2020-Ohio-3468, ¶ 12 (10th Dist.).

{¶ 22} Summary judgment is appropriate only when the moving party demonstrates: (1) no genuine issue of material fact exists, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. Civ.R. 56(C); *State ex rel. Grady v. State Emp. Relations Bd.*, 78 Ohio St.3d 181, 183 (1997). In ruling on a motion for summary judgment, the court must resolve all doubts and construe the evidence in favor of the nonmoving party. *Premiere Radio Networks, Inc. v. Sandblast, L.P.*, 2019-Ohio-4015, ¶ 6 (10th Dist.).

{¶ 23} Pursuant to Civ.R. 56(C), the party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and of identifying those portions of the record demonstrating the absence of a genuine issue of material fact.

*Dresher v. Burt*, 1996-Ohio-107, ¶ 18. The moving party cannot satisfy this initial burden by simply making conclusory allegations, but instead must demonstrate, including by use of affidavit or other evidence allowed by Civ.R. 56(C), that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Wiltshire Capital* at ¶ 13. If the moving party satisfies this initial burden, the nonmoving party has a reciprocal burden to respond, by affidavit or otherwise as provided under Civ.R. 56, with specific facts demonstrating a genuine issue exists for trial. Civ.R. 56(E); *Dresher* at ¶ 18; *Hall v. Ohio State Univ. College of Humanities*, 2012-Ohio-5036, ¶ 12(10th Dist.), citing *Henkle v. Henkle*, 75 Ohio App.3d 732, 735 (12th Dist. 1991). If the nonmoving party does not so respond, summary judgment shall be entered against the nonmoving party. *Dresher* at ¶ 18.

### C. Assignment of Error One

{¶ 24} In his first assignment of error, appellant asserts, in essence, that the trial court erred in overruling appellant's objections to the magistrate's decision recommending that summary judgment be granted in favor of appellee Donald Lee Lower in both of his capacities and that the matter should have proceeded to a jury trial. We disagree.

{¶ 25} We begin by observing that, contrary to appellant's general assertions, there is no absolute legal right to a jury trial in a will contest action. Appellant has provided no authority for this proposition, and for good reason: there is none. Instead, the law is clear that summary judgment is appropriate in will contest cases where, based upon the evidence submitted, no genuine issues of material fact remain for trial regarding an appellant's claims of undue influence or lack of testamentary capacity. *See, e.g.*, *Martin v. Dew*, 2004-Ohio-2520 (10th Dist.) (summary judgment in favor of appellee devisees was appropriate in a will contest action against the devisees asserting that a decedent lacked testamentary capacity when she made her last will and testament and was unduly influenced where appellant failed to present any evidence that decedent lacked testamentary capacity at the time she executed her will or that the will was executed as a result of undue influence); *Piecoro v. Fester*, 1998 Ohio App. LEXIS 1636 (10th Dist. Apr. 16, 1998) (in a will contest action, summary judgment in favor of the executor was appropriate where no specific factual evidence supported a finding that the decedent lacked any of the faculties for testamentary capacity).

{¶ 26} In order to challenge a will based on lack of testamentary capacity, the will contestant must prove that the testator lacked the capacity to create the will as of the date of the execution of the will. *Martin* at ¶ 10, citing *Smith v. Lommerse*, 1993 Ohio App. LEXIS 6423 (6th Dist. Dec. 30, 1993), citing *Kennedy v. Walcutt*, 118 Ohio St. 442 (1928), paragraph two of the syllabus, *overruled on other grounds*, *Krischbaum v. Dillon*, 58 Ohio St.3d 58, 64, fn. 9 (1991). "In considering the issue of testamentary capacity, the standard employed is whether the testator had sufficient mind and memory: '(1) to understand the nature of the business in which he was engaged; (2) to comprehend generally the nature and extent of his property; (3) to hold in his mind the names and identities of those who have a natural claim on his bounty; and (4) to be able to appreciate his relationship to the members of his family.' " *Id.*, quoting *Bustinduy v. Bustinduy*, 1998 Ohio App. LEXIS 6047, *4 (2d Dist. Dec. 18, 1998), citing *Gannett v. Booher*, 12 Ohio App.3d 49, 56 (6th Dist. 1983).

{¶ 27} In order to challenge a will based on undue influence, the will contestant must demonstrate the following elements: " '(1) a susceptible testator, (2) another's opportunity to exert influence on the testator, (3) the fact that improper influence was exerted or attempted, and (4) a result showing the effect of the improper influence.' " *Martin* at ¶ 11, quoting *Boley v. Kennedy*, 2003-Ohio-1663, ¶ 21 (3d Dist.).

{¶ 28} In this case, in support of his motions for summary judgment, appellee Donald Lee Lower submitted the affidavits of Colin Beach, Dr. Taddeo, and Timothy Hudson. These affidavits established that Decedent had the requisite testamentary capacity and was not unduly influenced by anyone at the time she executed her 2021 Will.

{¶ 29} In contrast to the evidence submitted by appellee Donald Lee Lower in support of his motions for summary judgment, appellant has presented no evidence whatsoever showing there was a genuine issue of material fact as to whether decedent lacked testamentary capacity and/or was subject to undue influence in executing her Will. Appellant did not submit any admissible evidence to refute the evidence submitted by appellee. Instead, all appellant has provided is conjecture, speculation, and innuendo. Such is insufficient to withstand an otherwise properly supported motion for summary judgment.

{¶ 30}  In short, the trial court did not err in overruling appellant's objections and adopting the magistrate's decision recommending granting summary judgment in favor of appellee Donald Lee Lower.  Accordingly, appellant's first assignment of error is overruled.

### D.  Assignment of Error Two

{¶ 31}  In his second assignment of error, appellant asserts "the cumulative effect of the ongoing Plain Error(s) deprived Appellant of fairness and equity in the proceedings . . ." and "constituted 'Structural Error'. . .".  This assignment of error is meritless.

{¶ 32}  The concept of cumulative error is not applicable in civil actions, including actions brought in probate court. It is well-established law in this district that the cumulative error doctrine is not generally employed in civil matters.  *Jenkins v. Grawe*, 2019-Ohio-2013, ¶ 59 (10th Dist.), citing *Stanley v. Ohio State Univ. Med. Ctr.*, 2013-Ohio-5140 (10th Dist.).

{¶ 33}  Furthermore, as discussed above and below, as we have reviewed appellant's other assignments of error and failed to find any error, there is no basis for considering the question of cumulative error in any event.  *Jenkins* at ¶ 59, citing *Bogdas v. Ohio Dept. of Rehab. & Corr.*, 2009-Ohio-6327, ¶ 43 (10th Dist.) (finding without error, harmless or otherwise, there can be no finding of cumulative error).

{¶ 34}  Accordingly, appellant's second assignment of error is overruled.

### E.  Assignment of Error Three

{¶ 35}  In his third assignment of error, appellant asserts, in essence, that the trial court erred in permitting Dr. Taddeo to submit his affidavit as an expert witness on Decedent's testamentary capacity when he was not qualified to present an opinion on same. Appellant further asserts the trial court erred in failing to strike the affidavit of Colin Beach. Neither assertion has merit.

{¶ 36}  Regarding the affidavit of Colin Beach, appellant has pointed to no authority supporting his contention that an affidavit of the attorney who prepared a will is inadmissible in a will contest action.  As such, we reject appellant's contention on this point.

{¶ 37}  Regarding the affidavit of Dr. Taddeo, we likewise reject appellant's contention that it should not have been considered by the trial court.  The Supreme Court of Ohio has determined on multiple occasions that, pursuant to Ohio Evid.R. 701, a lay

witness may testify about an individual's emotional or mental state, including insanity or mental incapacity. *State v. Filiaggi*, 1999-Ohio-99, ¶ 70 (recognizing that lay witness testimony combined with expert testimony concerning defendant's state of mind helped establish that defendant knew the wrongfulness of his conduct); *Paugh v. Hanks*, 6 Ohio St.3d 72, 80 (1983) (stating that in a case alleging emotional distress "expert medical testimony can assist [the factfinder] in determining whether the emotional injury is indeed, serious," and "lay witnesses who were acquainted with the plaintiff, may testify as to any marked changes in the emotional or habitual makeup that they discern in the plaintiff after the accident has occurred"); *State v. Thomas*, 70 Ohio St.2d 79, 80 (1982) (noting lay witnesses testified regarding defendant's thought processes near time of criminal offense and stating that "insanity is an issue for the jury to decide" and "the jury may give more weight to lay witnesses than to experts if it so chooses"); *Weis v. Weis*, 147 Ohio St. 416 (1947), syllabus ("A nonexpert witness who testifies to facts sufficient to show that he has had the opportunity to observe the mental state of a person may further testify as to whether such person was, in the opinion of the witness, of sound or unsound mind, and whether such person had the capacity to form the purpose and intent to dispose of his property by will."); *Baltimore & O.R. Co. v. Schultz*, 43 Ohio St. 270, 281 (1885) (explaining that "the opinions of non-experts, who state, so far as is practicable, the facts on which their opinions are grounded, will be received on questions . . . of the mental state or condition of another; of insanity . . .").

{¶ 38} Numerous Ohio appellate courts have found the same, *e.g.*, *State v. Sibert*, 98 Ohio App.3d 412, 426 (4th Dist. 1994) ("When based on personal observations, a lay witness may testify about another's emotional state, physical condition or sanity."); accord *State Farm Mut. Auto. Ins. Co. v. Gourley*, 2012-Ohio-4909, ¶ 36 (10th Dist.) ("Consistent with Evid.R. 701, a lay witness may testify about another's emotional state or physical condition if the testimony is based upon personal observations and first-hand perception."); *Stockdale v. Baba*, 2003-Ohio-4366, ¶ 83 (10th Dist.) (recognizing that a lay witness may express opinions about an individual's insanity); *Hunt v. Crossroads Psychiatric & Psychological Ctr.*, 2001 Ohio App. LEXIS 5388, *4 (8th Dist. Dec. 6, 2001) (permitting lay witness testimony regarding decedent's mental state); *Nationwide Mut. Fire Ins. Co. v. Turner*, 29 Ohio App.3d 73, 75-76 (8th Dist. 1986), *abrogated on other*

*grounds*, *Westfield Ins. Co. v. Hunter*, 2011-Ohio-1818 (determining that wife's testimony concerning husband-insured's mental state created a genuine issue of material fact regarding insured's mental state).

{¶ 39} Here, Dr. Taddeo was not offering expert testimony at all; rather, he offered his lay testimony (in the form of his affidavit) regarding decedent's mental state vis-à-vis, testamentary capacity, based on his own personal knowledge, observations, and opinion. Thus, Dr. Taddeo's testimony as to decedent's mental state as it related to testamentary capacity was entirely proper pursuant to Evid.R. 701. Therefore, the trial court did not err in considering Dr. Taddeo's affidavit in support of appellee Donald Lee Lower's motion for summary judgment.

{¶ 40} Accordingly, based on the foregoing, appellant's third assignment of error is overruled.

### F. Assignment of Error Four

{¶ 41} Appellant's fourth assignment of error is particularly cumbersome, unclear, and largely indecipherable. Nevertheless, it appears that appellant is attempting to assert that the trial court erred in finding that the requests for admission directed to defendant James Lower regarding loans he received from Decedent for the purchase of vehicles are irrelevant to the Will contest. There is no merit to this assertion.

{¶ 42} The record is clear that James Lower is not a beneficiary under the Will. Although appellant seems to be arguing that James Lower received a "windfall" by not having repaid the alleged loans he received from Decedent prior to her death, because James Lower is not a beneficiary under the Will, any evidence on this issue is indeed irrelevant to the Will contest, and the trial court was correct in finding so.

{¶ 43} Accordingly, appellant's fourth assignment of error is overruled.

### G. Assignments of Error Five, Six, and Seven

{¶ 44} Appellant's fifth, sixth, and seventh assignments of error are interrelated in that they all pertain to appellant's assertions that the trial court exhibited bias against him and/or engaged in judicial misconduct during the proceedings below, and we therefore address them together. We find no merit in any of them.

{¶ 45} Ohio courts presume that judicial officers act impartially and that presumption must be overcome by compelling evidence. *State ex rel. Smith v. Akron*,

2012-Ohio-6308, ¶ 10, quoting *In re Disqualification of George*, 2003-Ohio-5489, ¶ 5 ("[a] judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions"). But appellant has provided nothing to overcome the presumption of impartiality, compelling or otherwise; instead, he has presented only speculation, assumptions, and conjecture. This is woefully insufficient to overcome the presumption of judicial impartiality.

{¶ 46} Moreover, if appellant believed the trial judge was biased or prejudiced against him, his remedy was to file an affidavit of prejudice with the clerk of the Supreme Court of Ohio. Pursuant to R.C. 2701.03, only the Supreme Court, not the appellate courts, has authority to determine a claim that a common pleas court judge is biased or prejudiced. *State v. Hussein*, 2017-Ohio-5519, ¶ 9 (10th Dist.), citing *State v. Scruggs*, 2003-Ohio-2019, ¶ 15. " 'R.C. 2701.03 "provides the exclusive means by which a litigant may claim that a common pleas judge is biased and prejudiced." ' " *Id.*, quoting *Scruggs* at ¶ 15, quoting *Jones v. Billingham*, 105 Ohio App.3d 8, 11 (2d Dist. 1995). "The determination that a trial court judge should have recused herself/himself or should be disqualified due to bias or prejudice is the exclusive province of the Chief Justice of the Supreme Court of Ohio or his [or her] designee." *Corbin v. Dailey*, 2009-Ohio-881, ¶ 14 (10th Dist.), citing *State v. Payne*, 2002-Ohio-5180, ¶ 8 (7th Dist.). R.C. 2701.03(B) requires that a party alleging bias or prejudice by a common pleas court judge file with the clerk of the Supreme Court an affidavit of disqualification that sets forth the specific allegations and supporting facts on which the claim of bias or prejudice is based.

{¶ 47} Thus, "an appellate court has no jurisdiction to vacate a trial court's judgment based on a claim of judicial bias." *Cooke v. United Dairy Farmers, Inc.*, 2006-Ohio-4365, ¶ 45 (10th Dist.), citing *Beer v. Griffith*, 54 Ohio St.2d 440, 441-442 (1978). "[A]n appellate court is without authority to pass upon issues of disqualification or to void a judgment on the basis that a judge should be disqualified for bias or prejudice." (Citations omitted.) *Id.*

{¶ 48} Accordingly, appellant's fifth, sixth, and seventh assignments of error are overruled.

## IV. Disposition

{¶ 49} Having overruled appellant's seven assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas, Probate Division.

*Judgment affirmed.*

JAMISON and DINGUS, JJ., concur.

———————