OPINION
{¶ 1} Scott and Veronica Dailey, defendants-appellants, appeal two judgments of the Franklin County Municipal Court. In one judgment, the court, pursuant to a jury trial, rendered a verdict in favor of Victoria Corbin, plaintiff-appellee, on her claims of restitution of the premises and damages for breach of lease contract, and rendered a verdict in favor of appellee on appellants' counterclaims for retaliation and unjust enrichment/quantum meruit. In a subsequent judgment, the court denied appellants' motion for new trial. *Page 2 
Appellee has also filed in this court an objection to appellants' statement of the evidence and motion to dismiss appellants' appeal pursuant to App. R. 11(C).
 {¶ 2} Our pronouncement of the facts in the present case is extremely hampered by appellants' failure to file a transcript of the trial proceedings. Appellants have filed a statement of the evidence, which is the subject of an objection and motion to dismiss filed by appellee. We will address the merits of the objection and motion to dismiss infra.
 {¶ 3} From what basic information may be gleaned from the allegations in the available record, appellants rented premises belonging to appellee commencing in November 2006. On January 22, 2008, appellee filed a complaint seeking restitution for appellants' failure to pay rent, totaling $4,180, as well as the water bills for the property. Appellants filed an answer and counterclaim, alleging claims for retaliation and unjust enrichment. Appellants claimed that the subject property was distressed, and, due to appellants' financial hardship, appellee orally agreed in November 2006 to offset monthly rents by the amounts expended on improvements appellants made to the property. Appellants further claimed they moved into the property and began making improvements, including participation in low-income weatherization programs, drywall installation, and insulation installation, which totaled approximately $12,879. Appellants alleged that they completed the home repairs in November 2007 and, in December 2007, appellee sent them a letter informing them that she was selling the property. Appellants feared that the new owner could force them to leave without any credit for appellants' "equity" in the home. In her reply to the counterclaim, appellee denied that she agreed to any offsets for improvements made by appellants. *Page 3 
 {¶ 4} A jury trial was held on various dates from August 14 through August 22, 2008. Apparently, at some point during the proceedings, appellee withdrew her claim regarding the unpaid water bills. The jury rendered verdicts in favor of appellee on the forcible entry and detainer claims in her complaint and rendered verdicts in favor of appellee on appellants' counterclaims. On August 25, 2008, the trial court entered judgment, pursuant to the jury verdicts, against appellants for $8,670.19 for appellee's breach of contract claims and granted judgment for restitution of the premises to appellee. On August 28, 2008, appellants filed a motion for new trial pursuant to Civ. R. 59. On September 3, 2008, the trial court denied appellants' motion for new trial. Appellants, pro se, appeal both the August 25, 2008 and September 3, 2008 judgments of the trial court, asserting the following assignments of error:
 [I.] The Trial Court erred in overruling Defendants/Appellants to move for directed verdict or Motion to dismiss Plaintiff claim. [Sic.]
 [II.] The Trial Court erred in overruling defendants/Appellants to move for directed verdict. [Sic.]
 [III.] The Court erred by refusing to allow Defendants to file a claim of Unjust Enrichment if a contract existed. Error in Law. [Sic.]
 [IV.] After the Closing Arguments, Judge Dorrian presented the Jurors with Jury Instructions and 14 INTERROGATORIES to render verdict. The bottom of each INTERROGATORIES reads:
 "Note: Only six of the eight jurors are required to sign order to render a verdict for Plaintiff, although all eight jurors may sign."
 Not one single INTERROGATORY ever stated verdict for Defendants. The Trial Court permitted Counsel for Plaintiff to *Page 4 
Object and Rebut Defendants Closing Arguments. Prejudicial Error. [Sic.]
 [V.] The Trial Court erred in not permitting Defendants to admit in to evidence pertinent and credible evidence. The Court redacted much of Defendants evidence. The Court would not permit Defendants to question Plaintiff concerning actions that appear to fall under the statue of fraud. Plain Error Rule, Error In Law, and Fundamental Error. [Sic.]
 [VI.] The Trial Court erred in denying DEFENDANTS DEMAND FOR NEW TRIAL BY JURY. [Sic.]
 [VII.] The Trial Court erred by and with its Post Trial ENTRY AND ORDER dated September 3, 2008. Instead of ruling on those Motions, the Canon Code required the Judge to Recuse herself as a Matter of Law. [Sic.]
 {¶ 5} Before addressing the assignments of error, we must first address several preliminary matters. As indicated above, appellants have failed to file a transcript of the jury proceedings. Appellee has moved to dismiss the appeal for this reason. It is the appellant's burden to take the steps required to have the transcript prepared for inclusion in the record on appeal and to ensure that the record contains all that is necessary for the reviewing court to determine the appeal. RoseChevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 19. Where a transcript of proceedings in the trial court is necessary to exemplify the facts which determined the issues presented there, its absence requires a reviewing court to either dismiss the appeal or affirm the judgment of the court from which the appeal is taken. State v.Render (1975), 43 Ohio St.2d 17, paragraph two of the syllabus.
 {¶ 6} Here, appellants attempted to remedy their failure to file a transcript by filing a statement of the evidence with this court pursuant to App. R. 9(C). However, on January 8, 2009, we struck appellants' App. R. 9(C) statement from the record, as it was untimely filed and filed in the wrong court. Having previously determined we cannot rely *Page 5 
upon appellants' statement of evidence, we are without any transcript of the proceedings before the trial court necessary to exemplify the facts that determined the issues presented there. In such absence, we cannot review any of appellants' assignments of error that rely upon factual issues in dispute, and we must presume regularity of the proceedings under such circumstances. Appellee has requested that this court dismiss the entire appeal due to appellants' failure to file a transcript, pursuant to App. R. 11(C), which provides that, if the appellant fails to cause timely transmission of the record, the appellee may file a motion to dismiss the appeal. However, appellants have not failed to transmit the entire record; they have failed only to file the transcript. Therefore, we will proceed to address appellants' assignments of error that are based solely on questions of law. Accordingly, we deny appellee's motion to dismiss the entire appeal based upon appellants' failure to file a transcript and will address appellants' assignments of error that do not require a review of the trial transcript.
 {¶ 7} Before we address appellants' assignments of error, we note our ability to review appellants' assignments of error is further hampered by appellants' failure to conform to the requirements of the Ohio Appellate Rules in several respects. Although appellants provided a statement of the assignments of error in their brief, they failed to argue them separately. Pursuant to App. R. 12(A)(2), we may disregard an assignment of error presented for review if the party raising it fails to argue the assignment separately in the brief, as required under App. R. 16(A). Pursuant to App. R. 16(A), the appellant must include in its brief an argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which the *Page 6 
appellant relies. App. R. 16(A). Appellants' failure to follow the dictates of App. R. 16(A) is equivalent to not filing a brief at all and would, in and of itself, be grounds for dismissing the appeal. See App. R. 18(C). A court of appeals generally has the authority to dismiss an appeal for an appellant's failure to follow the Rules of Appellate Procedure. App. R. 3(A). Therefore, this court could overrule appellants' assignments of error regardless of their merit.
 {¶ 8} Notwithstanding, in the interests of justice, we will attempt to address appellants' legal arguments under the appropriate assignments of error. Appellants argue in their first assignment of error that the trial court erred in overruling appellants' motion for directed verdict or motion to dismiss. Appellants indicate they moved to dismiss the entire complaint at trial because they were never obligated to pay the water bills at the property pursuant to their agreement with appellee. However, we are unable to review appellants' arguments. Without a transcript of the proceedings, we cannot determine what oral motion(s) were made at the time of trial or any bases for such, and the record contains no written motions regarding the same. Notwithstanding, we note that appellee responds to appellants' arguments by indicating that she voluntarily withdrew the claim regarding the water bills, and the claim was not presented to the jury. Therefore, there could be no resulting prejudice in this respect. Furthermore, appellee's complaint contained not only a claim for non-payment of the water bills, but also a separate claim for non-payment of rent. Therefore, even though appellee dismissed the claim relating to the water bills, the other claim remained at issue. Therefore, appellants' first assignment of error is overruled. *Page 7 
 {¶ 9} Appellants argue in their second assignment of error that the trial court erred in overruling their motion for directed verdict. Appellants claim that appellant Scott Dailey was improperly "forced" to testify during appellee's presentation of the case, and the trial court erred in overruling his motion for directed verdict on this basis. Although we are without a transcript, it appears that appellee called Dailey as a witness as if on cross-examination during the presentation of appellee's case. R.C. 2317.07 permits one party to call a witness "as if under cross-examination," and Evid. R. 607 allows a party to call even the opposing party as a witness, and to impeach that witness, on direct examination. See In re M.R.D., Franklin App. No. 05AP-324,2005-Ohio-5705, at ¶ 14. Therefore, it appears that no error occurred, and we overrule appellants' second assignment of error.
 {¶ 10} Appellants argue in their third assignment of error that the trial court erred by refusing to allow appellants to file a claim for unjust enrichment if a contract existed between the parties. The nature of appellants' argument is not clear. In their brief, they argue that, during the trial, the court told appellants that, if a contract existed between the parties, there can be no claim for unjust enrichment. This is an accurate statement of the law. Unjust enrichment is an equitable principle that holds that no person should retain a benefit that would result in inequity and injustice. Hummel v. Hummel (1938),133 Ohio St. 520, 528. However, the doctrine of unjust enrichment does not apply when a contract actually exists; it is an equitable remedy applicable only when the court finds there is no contract. Id., at 525-528. Therefore, the trial court's alleged statement of law was accurate. For this reason, appellants' third assignment of error is overruled. *Page 8 
 {¶ 11} Appellants argue in their fourth assignment of error that, after closing arguments, the trial court erred when it presented, with the jury instructions, 14 interrogatories, on the bottom of which indicated that only six of the eight jurors were required to sign to render a verdict for the plaintiff. Appellants complain that none of the interrogatories indicated that a verdict would be for the defendants. We cannot properly review this assignment of error, as the record before this court contains no evidence of the jury interrogatories. Nevertheless, we fail to find the jury interrogatories, as described per appellants, improper. Interrogatories, in and of themselves, are not verdicts. The interrogatories also did not improperly sway the opinions of the jurors. The interrogatories, as described, were a correct statement of the law and procedure for a civil jury verdict in this jurisdiction. Appellants also make an ambiguous argument regarding the trial court sustaining an objection by appellee's attorney during appellants' closing argument. Without a transcript of the closing argument, we cannot find the trial court's actions were improper. For these reasons, appellants' fourth assignment of error is overruled.
 {¶ 12} Appellants argue in their fifth assignment of error that the trial court erred when it did not permit appellants to admit into evidence pertinent and credible evidence. More specifically, appellants argue that the trial court refused to allow them to admit into evidence photographs, copies of checks, and other documents, and the trial court redacted portions of several financial statements. Appellee counters that the trial court did not refuse to permit the items to be submitted, but, rather, the trial court ruled in favor of appellee's objections to this evidence because the evidence lacked the necessary evidentiary requirements. Nevertheless, as the record before us does not include these *Page 9 
items submitted by appellants, and we have no transcript to review the trial court's rulings with regard to such, we are unable to address appellants' arguments. Therefore, appellants' fifth assignment of error is overruled.
 {¶ 13} Appellants argue in their sixth assignment of error that the trial court erred when it denied their demand for a new trial. Insomuch as appellants simply argue that the trial court's denial of its motion for new trial was incorrect in finding no irregularity in the proceedings, without further specification of any error, we overrule the assignment of error. Appellants also seem to argue that the trial court erred when it denied their motion for new trial without a hearing. Civ. R. 59 does not require that, in every instance, an oral hearing must be held on new trial motions. See Civ. R. 59, see, also, Marsilio v.Brian Bennett Constr., Mahoning App. No. 06 MA 180, 2008-Ohio-5049, at ¶ 20, citing Jones v. Jones (Sept. 22, 1980), Trumbull App. No. 2819;Biehl v. Biehl (June 25, 1996), Washington App. No. 95CA14, citingGalayda v. Lake Hosp. Sys., Inc. (Sept. 30, 1993), Cuyahoga App. No. 63151. The only instance in which Civ. R. 59 mandates an oral hearing is when, under section (D), the trial court grants a new trial on its own initiative. Marsilio, at ¶ 20. Therefore, no hearing was required. For these reasons, appellants' sixth assignment of error is overruled.
 {¶ 14} Appellants argue in their seventh assignment of error that the trial court erred when the judge failed to recuse herself. Appellants claim that the trial judge was required to disqualify herself because her impartiality could have been reasonably questioned. In their argument, appellants cite their motion for recusal filed September 9, 2008, and the administrative judge's subsequent September 11, 2008 entry denying the motion for recusal. However, the September 11, 2008 judgment is not before this court in *Page 10 
the current appeal. The only two judgments appellants included in their September 11, 2008 notice of appeal were the August 25, 2008 judgment memorializing the jury verdicts and the September 3, 2008 judgment denying appellants' motion for new trial. As appellants have not appealed the September 11, 2008 judgment, we cannot address it herein. We cannot find anywhere else in the record before us in which appellants sought recusal of the trial judge or raised the issue. Notwithstanding, we point out that R.C. 2701.03 provides the proper procedure for seeking disqualification of a common pleas court judge. See, also, Section 5(C), Article IV, Ohio Constitution. The determination that a trial court judge should have recused herself/himself or should be disqualified due to bias or prejudice is the exclusive province of the Chief Justice of the Supreme Court of Ohio or his designee. State v. Payne,149 Ohio App.3d 368, 2002-Ohio-5180, at ¶ 8. Therefore, for these reasons, appellants' seventh assignment of error is overruled.
 {¶ 15} Accordingly, appellants' assignments of error are overruled, and the judgments of the Franklin County Municipal Court are affirmed.
Motion to dismiss denied and judgments affirmed.
 McGRATH and TYACK, JJ., concur. *Page 1