[Cite as *Evans v. Dept. of Rehab. & Corr.*, 2019-Ohio-3788.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Williams H. Evans, Jr.,            :

        Plaintiff-Appellant,        :

                                     No. 18AP-713
v.                                     :         (Ct. of Cl. No. 2018-587JD)

Ohio Department of Rehabilitation     :         (REGULAR CALENDAR)
and Correction,

                                 :
        Defendant-Appellee.

                                 :

D E C I S I O N

Rendered on September 19, 2019

**On brief:** *William H. Evans, Jr.*, pro se.

**On brief:** [*Dave Yost*], Attorney General, and *Timothy M. Miller*, for appellee.

APPEAL from the Court of Claims of Ohio

KLATT, P.J.

{¶ 1} Plaintiff-appellant, William H. Evans, Jr., appeals a judgment of the Court of Claims of Ohio that dismissed his action against the Ohio Department of Rehabilitation and Correction ("ODRC"). For the following reasons, we affirm that judgment.

{¶ 2} Evans, an inmate at Ross Correctional Institution ("RCI"), filed a complaint against ODRC on April 4, 2018. In his complaint, Evans alleged that, on February 21, 2018, he sent a kite to RCI's cashier asking the cashier to prepare a statement setting forth the balance of Evans' inmate account for the preceding six months.[1] The kite included a copy

---

[1] A "kite" is a form of written communication between inmates and institutional staff.

of a complaint that Evans sought to file in the Franklin County Court of Common Pleas, as well as a stamped, unsealed envelope addressed to the court. Evans requested that the cashier place the completed six-month statement and the complaint in the enclosed envelope and mail the envelope. Evans asked the cashier to perform these actions in order to comply with R.C. 2969.25(C), which requires inmates who seek a waiver of court filing fees to provide "[a] statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier." R.C. 2969.25(C)(1).

{¶ 3} Although the cashier received Evans' kite on February 21, 2018, the common pleas court did not receive the complaint (and the six-month account statement) until March 14, 2018. Evans contended in his complaint that the cashier "intentionally delayed it's [sic] mailing for the 3 weeks/21 days," which adversely affected Evans' ability to successfully prosecute his action. (Compl. at ¶ 7.)

{¶ 4} Evans also alleged that, on March 19, 2018, he again requested via a kite that the cashier prepare a six-month account statement. Evans enclosed a different complaint, along with a stamped, unsealed envelope addressed to the common pleas court, and asked that the cashier mail the complaint and completed statement. As of March 30, 2018, the date on which Evans drafted the instant complaint, the common pleas court had yet to receive the complaint and statement.

{¶ 5} Based on these facts, Evans sought recovery from ODRC pursuant to R.C. 2307.60(A)(1). According to R.C. 2307.60(A)(1), "[a]nyone injured in person or property by a criminal act has, and may recover full damages in, a civil action unless specifically excepted by law." Evans alleged that the intentional delay in mailing his complaints (and the six-month account statements) violated R.C. 2921.32(A)(4) and (6) (obstructing justice), R.C. 2913.02(A)(1) and (3) (theft), 18 U.S.C. 1702 (obstruction of correspondence), 18 U.S.C. 241 (conspiracy against rights), and 18 U.S.C. 242 (deprivation of rights under color of law). Evans claimed that the alleged commission of the offenses listed constituted criminal acts for which ODRC was civilly liable to him.

{¶ 6} Evans also sought to recover under the Ohio Corrupt Practices Act, which, in R.C. 2923.34, grants a civil remedy to a person injured or threatened with injury by a violation of R.C. 2923.32. Pursuant to R.C. 2923.32(A)(1), "[n]o person employed by, or

associated with, any enterprise shall conduct or participate in, directly or indirectly, the affairs of the enterprise through a pattern of corrupt activity."  In his complaint, Evans asserted that ODRC's alleged criminal acts (as listed above) constituted a pattern of corrupt activity.

{¶ 7}   ODRC moved to dismiss the complaint pursuant to Civ.R. 12(B)(1) for lack of subject-matter jurisdiction and Civ.R. 12(B)(6) for failure to state a claim.  The Court of Claims granted that motion in a judgment dated September 12, 2018.

{¶ 8}   Evans now appeals the September 12, 2018 judgment, and he assigns the following error:

> [THE] TRIAL COURT ERRED IN DISMISSING THE CASE FOR FAILURE TO STATE A CLAIM, WHEN PLAINTIFF [SPECIFICALLY] SET FORTH FACTS ESTABLISHING THE ELEMENTS OF EACH CRIMINAL VIOLATION ALLEGED AND ALSO MADE CLEAR THAT THIS IS FOR RECOVERY FOR VIOLATION OF A CRIMINAL ACTS UNDER O.R.C. §2307.60(A)(1).

{¶ 9}   A trial court must grant a Civ.R. 12(B)(1) motion to dismiss for lack of subject-matter jurisdiction if the complaint fails to raise a cause of action cognizable by the forum. *State ex rel. Bush v. Spurlock*, 42 Ohio St.3d 77, 80 (1989).  Because whether a court possesses subject-matter jurisdiction is a question of law, appellate courts review a ruling on a Civ.R. 12(B)(1) motion de novo.  *Crosby-Edwards v. Ohio Bd. of Embalmers and Funeral Dirs.*, 175 Ohio App.3d 213, 2008-Ohio-762, ¶ 21 (10th Dist.).

{¶ 10} A motion to dismiss for failure to state a claim upon which relief can be granted tests the sufficiency of the complaint.  *Volbers-Klarich v. Middletown Mgt., Inc.*, 125 Ohio St.3d 494, 2010-Ohio-2057, ¶ 11.  In construing a complaint upon a Civ.R. 12(B)(6) motion, a court must presume that all factual allegations in the complaint are true and make all reasonable inferences in the plaintiff's favor.  *Id.* at ¶ 12; *LeRoy v. Allen, Yurasek & Merklin*, 114 Ohio St.3d 323, 2007-Ohio-3608, ¶ 14.  " '[A]s long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss.' "  *Cincinnati v. Beretta U.S.A. Corp.*, 95 Ohio St.3d 416, 2002-Ohio-2480, ¶ 5, quoting *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 144 (1991).  Appellate court review of a trial court's decision to dismiss a claim

pursuant to Civ.R. 12(B)(6) is de novo. *Ohio Bur. of Workers' Comp. v. McKinley*, 130 Ohio St.3d 156, 2011-Ohio-4432, ¶ 12.

{¶ 11} By his assignment of error, Evans argues that the Court of Claims erred in dismissing his action because he pleaded the facts necessary to state a claim under R.C. 2307.60(A)(1).[2] Even if we presume Evans stated an R.C. 2307.60(A)(1) claim, reversal of the Court of Claims' judgment is not warranted because the Court of Claims lacks subject-matter jurisdiction over Evans' claim.

{¶ 12} The Court of Claims does not have subject-matter jurisdiction over criminal matters against the state. *Burse v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 17AP-452, 2019-Ohio-2882, ¶ 15. Consequently, the Court of Claims does not have jurisdiction "to determine whether or not a crime has occurred for the purpose of awarding civil penalties for criminal violations of state statute." *Id.* at ¶ 16. The Court of Claims, therefore, lacks subject-matter jurisdiction over Evans' R.C. 2307.60(A)(1) claim.

{¶ 13} Accordingly, Evans' assignment of error is moot, and we decline to address it. The judgment of the Court of Claims of Ohio is affirmed.

*Judgment affirmed.*

BROWN and BRUNNER, JJ., concur.

———————————

[2] In his reply brief, Evans also argues that he stated a civil claim under the Ohio Corrupt Practices Act. That argument, however, does not correlate with Evans' sole assignment of error. Because we determine appeals based on assignments of error, not mere arguments, we do not address Evans' argument. *See* App.R. 12(A)(1)(b); *Bonn v. Bonn*, 10th Dist. No. 12AP-1047, 2013-Ohio-2313, ¶ 9.