[Cite as *Marshall v. Marshall*, 2021-Ohio-2003.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Christopher L. Marshall, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 20AP-284 |
| v. | : | (C.P.C. No. 07DR-2236) |
| Stephanie N. Marshall, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on June 15, 2021

**On brief:** *Stephanie N. Marshall*, pro se. **Argued:**
*Stephanie N. Marshall.*

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations, Juvenile Branch.

KLATT, J.

{¶ 1}  Defendant-appellant, Stephanie N. Marshall, acting pro se, appeals from the April 29, 2020 decision and entry issued by the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch.  In that judgment, the trial court: (1) denied appellant's February 7 and April 15, 2020 motions for contempt against the Franklin County Child Support Enforcement Agency ("FCCSEA") and the trial court; (2) denied appellant's April 20, 2020 motion challenging the trial court's subject-matter jurisdiction; and (3) denied appellant's April 20, 2020 motion for recusal of the trial judge and two magistrates.

{¶ 2}  Appellant has timely appealed the trial court's judgment.  However, appellant's brief sets forth no assignments of error. Pursuant to App.R. 16(A)(3), an

appellant's brief must contain "[a] statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected." Assignments of error are critical because an appellate court "[d]etermine[s] the appeal on its merits on the assignments of error set forth in the briefs under App.R. 16." App.R. 12(A)(1)(b). An appellate court does not determine an appeal based on mere arguments and may dismiss any arguments not specifically included in an assignment of error. *Curry v. Columbia Gas of Ohio, Inc.*, 10th Dist. No. 19AP-618, 2020-Ohio-2693, ¶ 14, citing *Evans v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 18AP-713, 2019-Ohio-3788, ¶ 11, fn. 2, citing App.R. 12(A)(1)(b). Thus, absent assignments of error, an appellate court has nothing to review. *Id.*, citing *Luke v. Roubanes,* 10th Dist. No. 16AP-766, 2018-Ohio-1065, ¶ 16. A court of appeals has discretion to dismiss appeals that fail to set forth assignments of error. *Id.*, citing *CitiMortgage, Inc. v. Asamoah*, 10th Dist. No. 12AP-212, 2012-Ohio-4422, ¶ 5. However, a reviewing court may, in the interests of justice, review an appealed judgment based upon an appellant's arguments. *Id.* at ¶ 6.

{¶ 3} In her brief, appellant appears to challenge only the trial court's denial of her motion for recusal. Appellant claims that the trial judge's failure to recuse herself resulted in unfair, biased, and prejudicial rulings against appellant in its failure to find FCCSEA in contempt for its alleged failure to immediately garnish her wages after she changed employers. Indeed, appellant contends that the denial of her motion for recusal was "a deliberate attempt to deny me a fair judgment as this judge is not capable of knowing and ruling by federal guidelines in the collection of child support or she is willfully choosing not to." (Appellant's Brief at 3.)

{¶ 4} " 'A judge is presumed not to be biased or prejudiced, and a party alleging bias or prejudice must present evidence to overcome the presumption.' " *State v. Hussein*, 15AP-1093, 2017-Ohio-5519, ¶ 8, quoting *Wardeh v. Altabchi*, 158 Ohio App.3d 325, 2004-Ohio-4423, ¶ 20 (10th Dist.). " 'The appearance of bias or prejudice must be compelling to overcome this presumption of integrity.' " *Id.*, quoting *Trott v. Trott*, 10th Dist. No. 01AP-852, 2002-Ohio-1077, citing *In re Disqualification of Olivito*, 74 Ohio St.3d 1261, 1263 (1994).

{¶ 5} Pursuant to R.C. 2701.03, the Supreme Court of Ohio, not the appellate courts, has authority to determine a claim that a common pleas court judge is biased or

prejudiced. *Id.* at ¶ 9, citing *State v. Scruggs*, 10th Dist. No. 02AP-621, 2003-Ohio-2019, ¶ 15. If appellant believed that the trial judge was biased or prejudiced against her, her remedy was to file an affidavit of disqualification with the clerk of the Supreme Court of Ohio. *Id.,* citing R.C. 2701.03 and *Scruggs* at ¶ 15. " 'R.C. 2701.03 "provides the exclusive means by which a litigant may claim that a common pleas judge is biased and prejudiced." ' " *Id.,* quoting *Scruggs* at ¶ 15, quoting *Jones v. Billingham*, 105 Ohio App.3d 8, 11 (2d Dist.1995). "The determination that a trial court judge should have recused herself/himself or should be disqualified due to bias or prejudice is the exclusive province of the Chief Justice of the Supreme Court of Ohio or his [or her] designee." *Corbin v. Dailey*, 10th Dist. No. 08AP-802, 2009-Ohio-881, ¶ 14, citing *State v. Payne*, 149 Ohio App.3d 368, 2002-Ohio-5180, ¶ 8. R.C. 2701.03(B) requires that a party alleging bias or prejudice by a common pleas court judge file with the clerk of the Supreme Court an affidavit of disqualification that sets forth the specific allegations and supporting facts on which the claim of bias or prejudice is based. The record in this case does not reflect that appellant filed an affidavit with the Supreme Court as provided by R.C. 2701.03. Thus, appellant did not invoke the jurisdiction of the proper court to review the recusal issue. *Hussein* at ¶ 9.

{¶ 6} At oral argument, appellant did not address the recusal issue; rather, her argument was primarily focused on the trial court's failure to hold FCCSEA in contempt for failing to immediately garnish her wages when she changed employers. On review, a court of appeals will not reverse a trial court's determination regarding contempt proceedings absent an abuse of discretion. *Powell v. Lawson*, 10th Dist. No. 18AP-289, 2019-Ohio-4993, ¶ 28, citing *Hopson v. Hopson*, 10th Dist. No. 04AP-1349, 2005-Ohio-6468, ¶ 9, citing *State ex rel. Ventrone v. Birkel*, 65 Ohio St.2d 10, 11 (1981). An abuse of discretion is more than an error of law or judgment; it implies an attitude by the court that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 7} In its judgment, the trial court correctly set forth the applicable law regarding contempt proceedings, including the three elements that must exist in order to support a finding of contempt: (1) an order of the court; (2) knowledge of the order by the alleged contemnor; and (3) a failure to comply with the prior court order. *Arthur Young & Co. v.*

*Kelly*, 68 Ohio App.3d 287, 295 (10th Dist.1990). The trial court found no merit to appellant's contempt claim, stating "the Court finds FCCSEA did not fail to comply with any court order and there was understandably a delay in effectuating a new withholding order when Stephanie changed employers. Thus, the Court finds [appellant] did not meet her burden of proof in regard to her contempt allegation against the FCCSEA." (Apr. 29, 2020 Decision and Entry at 2-3.) At oral argument, appellant offered no cogent reason as to why the trial court abused its discretion in so finding. Indeed, appellant acknowledged that FCCSEA had been and was currently garnishing her wages to make up for the arrearage occasioned by the delay in effectuating a new withholding order when she changed employers.

{¶ 8} For the foregoing reasons, we hereby affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch.

*Judgment affirmed.*

BROWN and LUPER SCHUSTER, JJ., concur.

_____