[Cite as *State v. Byers*, 2025-Ohio-1511.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,
The Ohio State University,                    :

        Plaintiff-Appellee,                    :

                            :                    No. 24AP-194
v.                                                                      (M.C. No. 2022 CVF 27134)

                            :
Sonia Anne Byers,                                             (REGULAR CALENDAR)

        Defendant-Appellant.                    :

                            :

---

D E C I S I O N

Rendered on April 29, 2025

---

**On brief:** *The Law Offices of Robert A. Schuerger Co., LPA,*
*Thomas L. Sooy,* and *Robert A. Schuerger II,* for appellee.
**Argued:** *Thomas L. Sooy.*

**On brief:** *Sonia Anne Byers,* pro se.
**Argued:** *Sonia Anne Byers.*

---

APPEAL from the Franklin County Municipal Court

MENTEL, J.

{¶ 1} Defendant-appellant, Sonia Anne Byers, pro se, appeals from a February 21, 2024 decision and judgment entry of the Franklin County Municipal Court granting the motion for summary judgment of plaintiff-appellee, State of Ohio, the Ohio State University ("OSU"), and denying Byers' motion for summary judgment. For the reasons that follow, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On August 26, 2022, OSU filed a complaint alleging that Byers executed a promissory note during her enrollment as a student at OSU for $2,450. (Compl. at 1.) A copy of the promissory note was attached as Exhibit "A" to the complaint. According to

OSU, Byers failed to pay on the note resulting in damages. On February 21, 2023, Byers filed a motion for definite statement, pursuant to Civ.R. 12(E), arguing the complaint did not comply with Civ.R. 10. On March 9, 2023, OSU filed a memorandum in opposition contending that the alleged debt was certified to the Ohio Attorney General's Office for collection, in accordance with R.C. 131.02, and the cause of action was apparent from the complaint. OSU argued that it had attached the note to the complaint, as required by Civ.R. 10, "establishing the principal disbarments made thereunder." (Mar. 9, 2023 Pl.'s Memo Contra Def.'s Mot. for a More Definite Statement at 2.) On March 20, 2023, the trial court denied the motion for definite statement. Byers filed an answer on April 5, 2023.

{¶ 3} On June 26, 2023, Byers filed a motion for summary judgment. OSU also filed a motion for summary judgment on July 13, 2023. On July 28, 2023, Byers filed a memorandum in opposition to OSU's motion for summary judgment. OSU filed a reply brief on August 3, 2023. On August 29, 2023, Byers filed a "motion for default judgment and for an order deeming the averments of her motion for summary judgment admitted." By way of entry dated October 26, 2023, this matter was reassigned to Judge Russo. The parties appeared before the trial court on December 7, 2023. At the outset of the hearing, the trial court converted the scheduled trial[1] to a pre-trial conference. Per agreement of the parties, the matter was continued to allow for voluntary resolution of the case and afford the trial court additional time to rule on the pending dispositive motions. After notice that the parties' settlement discussions were unsuccessful, the trial court set the matter for a jury trial on March 11, 2024.

{¶ 4} On February 8, 2024, the trial court denied Byers' motion for default judgment finding that she had not made any pleading against OSU upon which default judgment could be granted. On February 21, 2024, the trial court granted OSU's motion for summary judgment and denied Byers' motion for summary judgment. The trial court concluded that OSU, through various affidavits and records, had met its initial burden to show there were no genuine issues of material fact in the case. The trial court then found that Byers had failed to meet her reciprocal burden under Civ.R. 56(E) to show that there were any genuine issues of material fact remaining for trial. The trial court explained that

---

[1] On November 28, 2023, Byers filed a motion for leave to pay jury deposit, which the trial court granted. (Feb. 8, 2023 Entry.)

while Byers had filed an affidavit, it had recapitulated the legal arguments provided in her memoranda. Thus, OSU was entitled to judgment as a matter of law. The trial court awarded damages of $6,195.89, plus costs and contract interest at the rate of five percent per annum.

{¶ 5} Byers filed a timely appeal.

## II. ASSIGNMENTS OF ERROR

{¶ 6} Byers assigns the following as trial court error:

> [I.] THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY FAILING TO REASSIGN THE CASE FORTHWITH TO THE JUDGE ORIGINALLY ASSIGNED BY LOT TO HEAR IT DESPITE "REFILE" BEING PLAINLY NOTED ON THE FACE OF APPELLANT'S MOTION FOR DEFINITE STATEMENT PURSUANT TO SUP.R. 36.017 AND BY PLAIN ERROR.
>
> [II.] THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY DENYING APPELLANT'S MOTION FOR DEFINITE STATEMENT VOID ANY BASIS FOR DENIAL, DESPITE APPELLEE['S] COMPLAINT NOT SATISFYING THE CIV.R. 10(D)(1) REQUIREMENT THAT WAS ESTABLISHED IN EQUABALE ASCENT FIN., L.L.C. v. CHRISTIAN, 196 Ohio App.3d 34, 2011-Ohio-3791 AND PLAIN ERROR.
>
> [III.] THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY FAILING TO ISSUE ANY SCHEDULING ORDERS REQUIRED BY LOC.R. 15.01 AND CIV.R. 16(B)(2) AND PLAIN ERROR.
>
> [IV.] THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY CONSIDERING APPELLEE['S] MOTION FOR SUMMARY JUDGMENT NOT PROPERLY BEFORE IT FILED WITHOUT LEAVE IN VIOLATION OF CIV.R. 56(A) AND PLAIN ERROR.
>
> [V.] THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY GRANTING PLAINTIFF'S MSJ, DENYING DEFENDANT'S MSJ AND MOTION FOR DEFAULT OTHER THAN ON THEIR MERITS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND PLAIN ERROR.
>
> [VI.] THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY PLAIN ERROR AND ABUSE OF DISCRETION NOT GOING FORWARD WITH TRIAL ON DECEMBER 7, 2023, DESPITE PARTIES BEING PRESENT, THEREBY DENYING HER DUE PROCESS RIGHTS

GUARANTEED UNDER U.S.A. AND OHIO CONSTITUTIONS.

[VII.] THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY PARTICIPATING IN EX PARTE COMMUNICATIONS WITH PLAINTIFF'S COUNSEL IN VIOLATION OF JUD. COND.R. 2.9(A) AND PLAIN ERROR.

(Sic passim.)

## III. LEGAL ANALYSIS

### A. Byers' First Assignment of Error

{¶ 7} Byers first contends that the trial court erred by failing to reassign the case to the judge originally assigned when the matter was first filed in 2019. Byers argues that the trial court committed plain error and violated Sup.R. 36.017 by not reassigning the refiled case to the original judge.

{¶ 8} Typically, the doctrine of waiver bars a litigant from raising an issue for the first time on appeal. *Tchankpa v. Ascena Retail Grp., Inc.*, 2020-Ohio-3291, ¶ 16 (10th Dist.), citing *S & P Lebos, Inc. v. Ohio Liquor Control Comm.*, 2005-Ohio-5424, ¶ 12 (10th Dist.). The doctrine of waiver is tempered somewhat by the doctrine of plain error. *Id.* In civil matters, " 'the plain error doctrine is not favored and may only be applied in the extremely rare case involving exceptional circumstances such that the error, if left uncorrected, would challenge the fairness, integrity, or public reputation of the judicial process itself.' " *Roote v. Hibernia Apts. I, L.L.C.*, 2020-Ohio-5401, ¶ 7 (10th Dist.), quoting *Brisco v. U.S. Restoration & Remodeling, Inc.*, 2019-Ohio-5318, ¶ 25 (10th Dist.), citing *Bonds v. Hinkle*, 2019-Ohio-1016, ¶ 8 (10th Dist.). The plain error doctrine "implicates errors that are obvious and prejudicial although neither objected to nor affirmatively waived which, if permitted, would have a material adverse affect on the character and public confidence in judicial proceedings." (Internal quotation marks deleted and citations omitted.) *Moore v. Ohio Dept. of Rehab. & Corr.*, 2024-Ohio-6109, ¶ 14 (10th Dist.). To succeed under the civil plain error doctrine, the error must be " 'clearly apparent on the face of the record and is prejudicial to the appellant.' " *Ryan v. Ryan*, 2024-Ohio-5691, ¶ 75 (10th Dist.), quoting *Brooks-Lee v. Lee*, 2012-Ohio-373, ¶ 26 (10th Dist.), citing *Reichert v. Ingersoll*, 18 Ohio St.3d 220, 223 (1985).

{¶ 9} Sup.R. 36.017 provides "[i]f a previously filed and dismissed case is refiled, the case shall be reassigned to the judge originally assigned by lot to hear it unless, for good

cause shown, that judge is precluded from hearing the case." Sup.R. 36.017 serves "[t]o promote judicial economy and discourage judge-shopping, this division mandates that all dismissed and subsequently refiled cases be reassigned to the originally assigned judge. An exception exists for circumstances in which the original judge develops a conflict or transfer to a newly drawn judge is sensible." Sup.R. 36.017 Commentary.

{¶ 10} The record reveals that OSU brought a civil action against Byers in 2019. *See Ohio State Univ. v. Byers*, Franklin M.C. No. 2019 CVF 035376. We take judicial notice that the 2019 matter was dismissed on January 16, 2020. *State ex rel. Everhart v. McIntosh*, 2007-Ohio-4798, ¶ 8, 10 (finding a court can take judicial notice of appropriate matters, including judicial opinions and public records available on the internet). The instant case was filed on August 26, 2022, and the matter was initially assigned to Judge Thomas. By way of entry dated October 26, 2023, "[t]his matter having come on for review, and finding the above-captioned matter is a refiling of the matter filed and dismissed in case number 2019 CVF 35376, the Assignment Commissioner is directed to reassign the above-captioned case to Judge Russo who succeeded the now-retired Judge Herbert, who was the assigned judge in 2019 CVF 35376. Sup.R. 36.017." (Oct. 26, 2023 Entry at 1.) Of note, OSU contends that this matter is not a refiled case as the subject matter at issue, i.e. failure to pay on the Federal Perkins Loan promissory note, is a different account owed to OSU and certified to the Ohio Attorney General's Office.

{¶ 11} We decline to resolve whether or not this is a refiled matter as it has no bearing on our resolution of Byers' assignment of error. Arguendo, even if this was a refiled case, the original judge in this matter, Judge Herbert, had retired by the time the complaint was refiled. As such, there was no way to reassign the matter to the original judge. While this case was not originally assigned to the judge who succeeded Judge Herbert, it was reassigned to Judge Russo while the various dispositive motions were pending. (Oct. 26, 2023 Entry.)

{¶ 12} Byers alleges the trial court committed plain error as Judge Russo was biased when she was reassigned the case. As set forth in R.C. 2701.03, the Supreme Court of Ohio, not the appellate courts, has the authority to resolve a claim that a trial court judge is biased. (Further citation omitted.) *Marshall v. Marshall*, 2021-Ohio-2003, ¶ 5 (10th Dist.). If Byers believed that the trial court judge was biased, she could have filed an affidavit of

disqualification with the clerk of the Supreme Court. *Id.*, citing R.C. 2701.03; *see also Corbin v. Dailey*, 2009-Ohio-881, ¶ 14 (10th Dist.), citing *State v. Payne*, 2002-Ohio-5180, ¶ 8 (7th Dist.) ("The determination that a trial court judge should have recused herself/himself or should be disqualified due to bias or prejudice is the exclusive province of the Chief Justice of the Supreme Court of Ohio or his [or her] designee."). Here, the record does not reflect that Byers filed an affidavit with the Supreme Court, as provided by R.C. 2701.03, against Judge Russo. Accordingly, Byers did not invoke the jurisdiction of the proper court to review the bias issue. *Marshall* at ¶ 5, citing *State v. Hussein*, 2017-Ohio-5519, ¶ 9 (10th Dist.). As Byers has failed to demonstrate any prejudice from the original assignment of the case, whatever error that might have occurred was harmless and does not amount to plain error.

{¶ 13} Byers' first assignment of error is overruled.

**B. Byers' Second Assignment of Error**

{¶ 14} In Byers' second assignment of error, she contends that the trial court erred by denying her motion for a definite statement. Byers argues that OSU failed to comply with Civ.R. 10(D)(1) by not attaching sufficient documentation to its complaint.

{¶ 15} We review the trial court's denial of a motion for a definite statement for an abuse of discretion. *Sazima v. Chalko*, 86 Ohio St.3d 151, 154 (1999). Abuse of discretion connotes a decision that is unreasonable, arbitrary, or unconscionable. *Peled v. Peled*, 2023-Ohio-52, ¶ 11 (10th Dist.), citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 16} Civ.R. 8(A) states that a pleading that sets forth a claim for relief must contain "(1) a short and plain statement of the claim showing that the party is entitled to relief, and (2) a demand for judgment for the relief to which the party claims to be entitled." The pleader must provide operative facts sufficient to give fair notice of the nature of the claim. *Oxford Sys. Integration v. Smith-Boughan Mechanical Servs.*, 2005-Ohio-210, ¶ 9 (2d Dist.), citing *DeVore v. Mutual of Omaha Ins., Co.*, 32 Ohio App.2d 36 (7th Dist. 1972). Civ.R. 10(D)(1) directs that "[w]hen any claim or defense is founded on an account or other written instrument, a copy of the account or written instrument must be attached to the pleading. If the account or written instrument is not attached, the reason for the omission must be stated in the pleading." A "promissory note" is an "instrument that evidences a

promise to pay a monetary obligation." (Internal quotation marks deleted and citations omitted.) *Capital One Bank* (*USA*), *N.A. v. Heidebrink*, 2009-Ohio-2931, ¶ 44 (6th Dist.). Attaching the written instrument to the pleading provides clarity and offers the best evidence of the agreement. " 'The term "written instrument" is a very broad term; hence any pleading based on a written instrument - from a promissory note to a deed - should have a copy of that instrument attached.' " *Oxford Sys. Integration* at ¶ 14, quoting *Anderson's Ohio Civil Practice with Forms*, § 151.18, at 307 (2d Ed. 2000). This court has found that when a promissory note is the basis for the claim on an account, and the note is attached to the complaint, the underlying contract has been provided and submitted under Civ.R. 10(D). *CitiMortgage, Inc. v. Booth*, 2012-Ohio-1419, ¶ 13 (10th Dist.), citing *Capital One Bank* (*USA*), *N.A.* at ¶ 44.

{¶ 17} Byers contends OSU failed to comply with Civ.R. 10(D) as the note itself was not properly executed and was otherwise deficient. (Appellant's Brief at 12.) However, Byers loses her way as the only requirement under Civ.R. 10(D) is the note that provides the basis for the claim to be attached to the complaint. Here, OSU provided Byers with fair notice of the nature of the claim and attached the promissory note evidencing the promise to pay a monetary obligation.

{¶ 18} Byers heavily relies on our decision in *Equable Ascent Fin., L.L.C. v. Christian*, 2011-Ohio-3791 (10th Dist.). In *Equable*, the creditor sought to collect $5,653.22 in credit card debt it acquired from Wells Fargo. *Id.* at ¶ 2. After an amended complaint was filed, the debtor filed a motion to dismiss, or alternatively, a motion for summary judgment contesting the allegations and the creditor's claim for money owed. The debtor also alleged that the complaint did not comply with Civ.R. 10(D)(1) and that the creditor lacked standing. *Id.* The creditor contended that the amended complaint complied with Civ.R. 10(D)(1). The trial court overruled the debtor's motions. The creditor then filed a motion for default judgment, which the trial court granted.

{¶ 19} On appeal, we reversed the trial court's judgment finding that it erred in granting default judgment as the debtor's "filings respond to all of [the creditor's] allegations in the complaint, defendant otherwise defended, and default judgment should not have been entered against her." *Id.* at ¶ 10. We also concluded that the creditor's attached statements did not comply with Civ.R. 10(D) as it did not reflect any purchases or

payments but merely stated the end amount owed and the applicable interest rate. *Id.* at ¶ 17. Finally, we found that the creditor failed to attach the agreement referred to in the complaint. *Id.* "In light of those deficiencies, [the creditor's] complaint does little more than allege defendant owes it an unexplained sum of money, an allegation that fails to comply with Civ.R. 10(D)." *Id.*

{¶ 20} Byers' reliance on *Equable* is misplaced as the facts in this case are easily distinguishable. Relevant to the instant case, the complaint in *Equable* failed to comply with Civ.R. 10 as it did not include the agreement referred to in its complaint and only included attached statements that provided the end amount owed and the applicable interest rate. Here, OSU attached the promissory note to the complaint, which provides the basis for the claim. Given the attachment of the instrument at issue, we find the trial court's denial of the motion for a more definite statement reasonable and not an abuse of discretion.

{¶ 21} Byers' second assignment of error is overruled.

**C. Byers' Third Assignment of Error**

{¶ 22} Byers next claims that the trial court erred by failing to issue a scheduling order as required under Loc.R. 15.01 and Civ.R. 16(B)(2). As Byers failed to raise this argument with the trial court, we will review her third assignment of error for plain error. *Ryan*, 2024-Ohio-5691, at ¶ 75.

{¶ 23} Under Franklin M.C., Loc.R. 15.01(2), "[a]t any time after service of the complaint, the judge assigned to the case may hold a case management conference and issue a scheduling order. The judge may make the order only after consulting with all counsel of record at the conference, which may be conducted in person or by telephone, or at a pretrial conference held pursuant to Rule 6.01." Civ.R. 16(B) provides more definitive language, which "requires that in all cases, except those set forth in Civ. R. 1(C), a scheduling order must be issued by the court. The purpose of this requirement is to promote greater consistency, predictability, and transparency for attorneys, parties, and unrepresented parties in courts across Ohio." 2020 Staff Note, Civ.R. 16.

{¶ 24} In the case sub judice, Byers has failed to demonstrate what, if any, prejudice she suffered from the lack of a scheduling order. As reflected in the record, the parties engaged in several mediations or settlement discussions to resolve the case. When efforts

to settle the case failed, both parties were afforded the opportunity to file dispositive motions. Byers does not identify any deadlines or hearings she missed due to the lack of a scheduling order.

{¶ 25} Byers contends that the lack of a scheduling order made the case "run out of control and prevented Appellant from having her Jury Trial." (Appellant's Brief at 13.) However, Byers was not precluded from a jury trial based on the lack of a scheduling order or the age of the case. The trial court's grant of OSU's motion for summary judgment resolved the matter as it found there was no reasonable dispute of fact, and that OSU was entitled to judgment as a matter of law. As such, any error that may have resulted from the lack of a scheduling order was harmless and did not rise to the level of plain error.

{¶ 26} Byers' third assignment of error is overruled.

**D. Byers' Fourth Assignment of Error**

{¶ 27} In Byers' fourth assignment of error, she argues the trial court erred by considering OSU's motion for summary judgment. Byers contends that the motion for summary judgment was not properly before the court because it was filed without leave in violation of Civ.R. 56. Again, as this issue was not raised with the trial court, we will review this assignment of error for plain error. *Ryan* at ¶ 75.

{¶ 28} Ohio courts, including this one, have found that when a trial court rules on the merits of a motion for summary judgment that is filed without express leave of court, it gives implicit and retroactive leave to file the motion. *See, e.g., Williams v. Am. Homes 4 Rent Mgt. Holdings, L.L.C.*, 2019-Ohio-3740, ¶ 32 (10th Dist.), citing *Woodman v. Tubb Jones*, 103 Ohio App.3d 577, 582 (8th Dist. 1995), citing *Indermill v. United Sav.*, 5 Ohio App.3d 243, 244 (9th Dist. 1982); *see also Capital Ohio Bank* (*USA*) *N.A. v. Ryan*, 2014-Ohio-3932, ¶ 30-32 (10th Dist.). As one of our sister districts wrote, " '[l]eave of court may be express or implied by the action of the court.' " *Wickham v. Wickham*, 2015-Ohio-4136, ¶ 37 (5th Dist.), quoting *Coney v. Youngstown Metro. Hous. Auth.*, 2002-Ohio-4371, ¶ 42 (7th Dist.); *St. Paul Fire & Marine Ins. Co. v. Corwin*, 2001 Ohio App. LEXIS 2223 (6th Dist. May 18, 2001) (concluding the trial court "impliedly granted [] leave to file their motion for summary judgment when it considered and ruled on the motion").

{¶ 29} Because the trial court implicitly granted OSU leave to file a motion for summary judgment through its acceptance and acknowledgment of the motion, the trial

court did not err, plain or otherwise, by considering the motion for summary judgment.

{¶ 30} Byers' fourth assignment of error is overruled.

### E. Byers' Fifth Assignment of Error

{¶ 31} In Byers' fifth assignment of error, she argues that the trial court erred by granting OSU's motion for summary judgment, denying her motion for summary judgment, and denying her motion for default judgment.

### 1. Standard of Review

{¶ 32} While Byers contends that the trial court's decision was against the manifest weight of the evidence and constitutes plain error, *see* Appellant's Brief at 3, appellate review of the trial court's determination of summary judgment, as set forth below, is de novo.

{¶ 33} Under Civ.R. 56(C), the party moving for summary judgment bears the initial burden of demonstrating for the trial court the basis for the motion and identifying those portions of the record showing the absence of a genuine issue of material fact. *Donaldson v. Ohio Dept. of Rehab. & Corr.* 2024-Ohio-6110, ¶ 15 (10th Dist.), citing *Price v. Evans Auto Repair, Inc.*, 2024-Ohio-5108, ¶ 12 (10th Dist.), citing *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). "However, the moving party cannot discharge its initial burden under this rule with a conclusory assertion that the non-moving party has no evidence to prove its case; the moving party must specifically point to evidence of the type listed in Civ.R. 56(C) affirmatively demonstrating that the non-moving party has no evidence to support the non-moving party's claims." (Further citation omitted.) *Meredith v. ARC Industries, Inc. of Franklin Cty.*, 2024-Ohio-4466, ¶ 20 (10th Dist.). If the moving party fails to satisfy its initial burden, the trial court must deny the motion for summary judgment. *Price* at ¶ 12.

{¶ 34} If the moving party has met its initial burden under Civ.R. 56(C), then the nonmoving party has a reciprocal burden to respond, by affidavit or otherwise as provided in Civ.R. 56, with specific facts demonstrating a genuine issue exists for trial. *Commonwealth Cas. Ins. Co. v. Small*, 2025-Ohio-184, ¶ 13 (10th Dist.). To be sure, the nonmoving party may not rest on mere allegations in the pleadings. "Because summary judgment is a procedural device used to terminate litigation, it must be awarded with caution and all doubts must be resolved in favor of the non-moving party." *Id.*, citing *Davis v. Loopco Industries, Inc.*, 66 Ohio St.3d 64, 66 (1993), citing *Murphy v. Reynoldsburg*, 65

Ohio St.3d 356, 358-59 (1992).

{¶ 35} Summary judgment is appropriate when the moving party demonstrates "(1) no genuine issue of material fact exists; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made." *Commonwealth Cas. Ins. Co.* at ¶ 12, citing Civ.R. 56(C); *State ex rel. Grady v. State Emp. Relations Bd.*, 78 Ohio St.3d 181, 183 (1997). When considering a motion for summary judgment, a reviewing court must resolve all doubts and construe the evidence in a light most favorable to the nonmoving party. *Commonwealth Cas. Ins. Co.* at ¶ 13, citing *Davis v. Loopco Industries* at 66, citing *Murphy v. Reynoldsburg* at 358-59.

{¶ 36} We review the trial court's grant of summary judgment under a de novo standard of review. *Premiere Radio Networks, Inc. v. Sandblast, L.P.*, 2019-Ohio-4015, ¶ 6 (10th Dist.), citing *Capella III, L.L.C. v. Wilcox*, 2010-Ohio-4746, ¶ 16 (10th Dist.). "[D]e novo appellate review means that the court of appeals independently reviews the record and affords no deference to the trial court's decision." *Premiere Radio Networks, Inc.* at ¶ 23.

### 2. Analysis

{¶ 37} OSU has brought an action for breach of a promissory note against Byers. This court has held that " '[a]s a matter of law, a promissory note is considered a contract.' " *Lakhi v. Meritra Health Care, L.L.C.*, 2022-Ohio-3062, ¶ 17 (10th Dist.), quoting *Morgan v. Mikhail*, 2008-Ohio-4598, ¶ 6 (10th Dist.). To succeed in a breach of contract claim, a plaintiff must demonstrate "(1) the existence of a contract, (2) plaintiff's performance of the contract, (3) defendant's breach of the contract, and (4) plaintiff's loss or damage as a result of defendant's breach." (Internal quotation marks deleted and citations omitted.) *Daily Servs., L.L.C. v. Transglobal, Inc.*, 2023-Ohio-2462, ¶ 45 (10th Dist.).

{¶ 38} In OSU's motion for summary judgment, it alleged that Byers executed a promissory note where a total of $2,450 was financed to cover costs of attendance. As a condition of the Federal Perkins Loan Program, Byers agreed to repay OSU the total amount financed, plus interest at a rate of five percent per annum. Following her enrollment, OSU contended that Byers failed to pay the amount due under the note. OSU argued that summary judgment was appropriate as there is no reasonable dispute of fact

that Byers breached the agreement resulting in damages.

{¶ 39} In support of its motion for summary judgment, OSU provided the affidavit of Assistant Bursar Carinna Butters. In the course of Butters' job responsibilities, she has served as custodian of the record of accounts of students who attend OSU. (Butters Aff. at ¶ 2.) Butters averred that OSU has kept and maintained records of the Federal Perkins Loan for Byers in the ordinary course of business. (Butters Aff. at ¶ 3.) Butters, based on her review of Byers' record of account, averred that Byers executed a promissory note to secure financing to partly cover the costs of attendance at OSU. (Butters Aff. at ¶ 4-5.) According to Butters, Byers was enrolled in courses at OSU from the Summer 2006 to Spring 2008 academic terms. (Butters Aff. at ¶ 7.) Butters provided that a true and accurate copy of the June 3, 2006 promissory note was attached herein and totaled $2,450. (Butters Aff. at ¶ 5-6.) Butters provided that the promissory note activity description "shows the authentication; consent; rights and responsibilities; reference information; and electronic signature of the Note as agreed by Sonia Byers." (Butters Aff. at ¶ 9.)

{¶ 40} Butters averred that Byers failed to pay on the promissory note and the balance of $3,187.83 was certified by the Ohio Attorney General's Office for collection under R.C. 131.02. (Butters Aff. at ¶ 8.) By way of affidavit, Brian Betzbower, an external collections supervisor at the Ohio Attorney General's Office, provided that demands were made upon Byers to pay the sum due and owing, but she had failed and refused to do so. (Betzbower Aff. at ¶ 4.) Betzbower averred that the certified balance, which included the principal balance as well as contractual interest, totaled $3,187.83. (Betzbower Aff. at ¶ 3.) Based on the foregoing, we find that OSU has met its initial burden to show there are no genuine issues of material fact in this case and that it is entitled to judgment as a matter of law.

{¶ 41} In Byers' motion for summary judgment and responsive briefs, she contends that OSU's claim fails based on various legal theories. Moreover, in Byers' brief, she alleges that the trial court "makes the unbelievable assertion that Appellant never challenged the allegations against her." (Appellant's Brief at 14.) As to the latter contention, Byers misunderstands the trial court's analysis. When considering whether Byers rebutted OSU's claims under Civ.R. 56, the trial court concluded that Byers failed to raise in her affidavit genuine factual averments but rather conclusory legal arguments. We agree. By way of

example, Byer provided in her affidavit that "no Perkins Loan accounts were ever created between AFFIANT and Plaintiff pursuant to *Equable* []." (Emphasis in original.) (Byers Aff. at ¶ 7.) As noted by the trial court, Byers does not deny that she took out the loan in this case but asserts a legal argument that the account was not created between the parties purportedly based on our decision in *Equable*. As explained in section B of this decision, we find that OSU complied with Civ.R. 10(D)(1) and our decision in *Equable* was distinguishable from the instant case. In the same affidavit, Byers averred that the signature on the promissory note was invalid under various governing laws and due to a lack of an electronic certificate. Again, Byers does not dispute the signature but that the signature itself is invalid. Finally, Byers argued in her affidavit that OSU was required to assign her loan to the U.S. Department of Education. OSU contested this point by submitting information that while the U.S. Department of Education has required institutions to assign it any Perkins Loans that have been in default for more than two years, this mandate only took effect beginning on June 30, 2023. Moreover, OSU has provided evidence that the last credit on Byers' account was in April 2023. *See* Aug. 3, 2023 Reply Memo in Support of Summ. Jgmt, Ex. A; Butters Aff. at ¶ 10 ("OSU is not required to assign its delinquent accounts that are part of its Federal Perkins loan portfolio to the Federal Government when a payment or offset has been received within two (2) years. The most recent offset in the amount of $165.07 posted to Sonia Byers' account on or around April 27, 2023."). Thus, we disagree that OSU was required to assign the loan to the U.S. Department of Education.

{¶ 42} After consideration of Byers' arguments presented in this case, we are not persuaded that the referenced state and federal statutes are applicable and conclude that Byers has failed to meet her reciprocal burden, by affidavit or otherwise as provided in Civ.R. 56, with specific facts demonstrating a genuine issue exists for trial.

{¶ 43} Byers' appellate brief presents several additional arguments, none of which are persuasive. First, Byers contends that the trial court granted OSU's motion for summary judgment "without weighing their evidence but weighing Appellees' evidence as not meeting her burdens." (Appellant's Brief at 14.) Byers also argues that the trial court made "no findings of fact or conclusions of law to support Appellees' Motion but did to Deny Appellants.' " *Id*. We find that the trial court applied the appropriate analysis under

Civ.R. 56 when considering the competing motions for summary judgment. The trial court first found that OSU had met its initial burden, under Civ.R. 56(C), by demonstrating that there were no genuine issues of material fact in this case and that it was entitled to judgment as a matter of law. The trial court then proceeded to examine each of Byers' various arguments before concluding that granting OSU's motion for summary judgment was appropriate. We are also not persuaded that the trial court failed to examine Byers' motion for summary judgment. It is apparent from the record that the arguments raised in Byers' motion for summary judgment are the same arguments presented in her memorandum in opposition. The trial court, in the interest of clarity, addressed both dispositive motions together. Such an approach is common and appropriate given the overlap in arguments presented in the various filings.

{¶ 44} Finally, Byers contends that the trial court "failed to recognize Appellant's Motion for Default challenged Appellees' Motion as a nullity." *Id.* As noted by the trial court, Byers did not file any pleading against OSU upon which default judgment may be granted. Byers effectively asked the trial court to grant her motion for summary judgment because OSU did not file a separate memorandum in opposition to her motion for summary judgment. The record reflects that OSU filed a reply brief that addressed arguments raised in Byers' various filings. Thus, the claim that OSU was not contesting Byers' motion is inaccurate. Regardless, even if OSU had not filed a responsive brief, a nonmoving party's failure to respond to a motion for summary judgment does not mean that judgment is automatically granted in favor of the moving party. There is no "default" summary judgment under Ohio law. *Owensby v. Fresenius Dialysis Unit*, 2005-Ohio-6467, ¶ 17 (10th Dist.), citing *Maust v. Palmer*, 394 Ohio App.3d 764 (10th Dist. 1994).

{¶ 45} Byers' fifth assignment of error is overruled.

**F. Byers' Sixth Assignment of Error**

{¶ 46} Byers next argues that the trial court erred by converting her scheduled December 7, 2023 trial into a pretrial conference. Byers contends that the trial court was "not prepared" and the "only fair and impartial outcome would have been for [the trial court] to Grant Appellant her Jurt (sic) Trial at a later date after [the trial court] fairly and impartially reviewed the Case file." (Appellant's Brief at 15.) Our review of the December 7, 2023 hearing transcript reveals that Byers failed to object to the trial court's continuance.

Thus, we will review this assignment of error for plain error.

{¶ 47} Byers' argument regarding the trial court's preparedness is wholly without merit. During the December hearing, the trial court indicated that it had "read all of the motions" and was "familiar with the issue[s]" in the case. (Dec. 7, 2023 Tr. at 3.) The trial court discussed the outstanding motions and whether the parties were still willing to discuss a settlement. The trial court, upon consent of the parties, continued the scheduled trial date so that the parties could attempt a voluntary resolution to the case. When asked by the trial court whether she was open to participating in further settlement discussions, Byers responded, "I am open." (Tr. at 7.) We find that the trial court's conversion of the December hearing from a trial to a pretrial conference, to allow the parties time for a voluntary resolution of the case was not in error, plain or otherwise.

{¶ 48} Byers' sixth assignment of error is overruled.

### G. Byers' Seventh Assignment of Error

{¶ 49} Finally, in Byers' seventh assignment of error, she claims the trial court violated Jud.Cond.R. 2.9(A) by engaging in ex parte communications with OSU's counsel.

{¶ 50} We decline to examine whether the trial court violated Jud.Cond.R. 2.9 by engaging in ex parte communications with OSU because, as set forth previously, this court has no authority to enforce the code of judicial conduct. *State v. Bastawros*, 2024-Ohio-2809, ¶ 21 (8th Dist.), citing *In re Estate of Wearn*, 2023-Ohio-3152, ¶ 15 (8th Dist.). The Supreme Court has the exclusive jurisdiction to address claims of bias or violations of rules of judicial conduct. *Id.*; *Marshall*, 2021-Ohio-2003, at ¶ 5.

{¶ 51} Byers' seventh assignment of error is overruled.

## IV. CONCLUSION

{¶ 52} For the foregoing reasons, Byers' seven assignments of error are overruled, and the judgment of the Franklin County Municipal Court is affirmed.

*Judgment affirmed.*

BEATTY BLUNT and BOGGS, JJ., concur.

_____